Dayton *v.* Williams.

## Dayton *v.* Williams.

A declaration on a guaranty within the purview of the statute of frauds, (R. S. 1838, p. 330, ch. 2, § 2, subd. 2,) need not aver that the guaranty was in writing.

Nor that the undertaking guarantied, though within the purview of the third section of the same statute, was made with the formalities the statute requires.

That the averment, in a declaration on a guaranty, of notice to the defendant of non-performance by his principal, omits to state *when* or *where* the notice was given, is no ground for arresting judgment, but only of special demurrer.

Case reserved from Oakland Circuit Court. This was an action of assumpsit, founded upon the defendant's guaranty of the performance, by one Tuel, of his contract to deliver to the plaintiff a specified number of sheep, at a place in Buffalo. The cause having been tried, and a verdict found for the plaintiff, the defendant moved in arrest of judgment for the reasons:—

1. That the declaration did not aver that the defendant's guaranty was in writing.

2. Nor that the guaranty was made with the formalities required by the statute of frauds.

3. That the averment of notice to the defendants, of Tuel's non-performance, did not show *when* or *where* the notice was given.

*T. J. Drake* and *M. L. Drake*, in support of the motion.

*Hunt & Watson,* contra.

Goodwin, J. delivered the opinion of the Court.

The first reason urged for arresting judgment in this case, assumes that, as the statute relating to fraudulent conveyances and contracts in respect to goods, chattels, and things in action, requires every special promise to answer for the debt or default of another, to be in writing,

(R. S. 1838, p. 330, § 2,) therefore it is necessary that the declaration should aver it to have been so.  This, however, is not necessary.  The rule is, that where a thing is originally authorized by statute which could not be done at common law, then, in pleading, every thing must be averred, which the statute requires to bring the act done within it.  Thus, in the case of a will of lands, it must be averred to be in writing.  But where a statute makes a writing necessary, in a case where it was not so at the common law, then such averment in pleading is not necessary.  And, as before the statute a promise to answer for the default of another was valid, if upon a sufficient consideration, though not in writing, it is not necessary to aver it to have been so.  That it was so, is a matter of evidence to be shown on the trial.  A distinction, however, is taken between a declaration and a plea, it being said that the plea must show that the contract was such as would sustain an action.  The reason of the distinction does not seem very obvious.  But the rule as to declarations is well settled.   1 Saund. R. 276, *a.* n. 1 and 2; 211, *b.* n. i; 1 Chitty's Pl. 227, 237; 4 John. R. 237, '9.

The second reason is similar to the above, to wit; that the contract of the party whose undertaking was guarantied by the defendant, is within the third section of the statute of frauds above referred to; and that it is not averred to have been made with the formalities required by the statute, by the delivery of a part of the property embraced in the contract, or any thing in earnest, or by writing. The answer to this is the same as to the first objection, that, if necessary to give validity to the guaranty, it is a matter of evidence, to be proved on the trial, and not necessary to be set out in the declaration; and, after verdict, must be presumed to have been proved.

The third reason is, that the averment of notice to the defendant, the guarantor, of the non-performance of the

contract by the principal, does not state any time or place when and where it was given. This is mere matter of form, and could be the ground only of a special demurrer. On a motion in arrest, only errors in substance will be considered; and such only can prevail as are not cured by verdict.

*Ordered certified that the motion should be denied.*