[No. 11859.   In Bank. — September 26, 1888.]

## JUANA CARILLO DE MALLAGH, RESPONDENT, *v.* ISABEL ROCO DE MALLAGH ET AL., APPELLANTS.

REDEMPTION BY AGENT — PRESUMPTION. — It cannot be presumed, in the absence of proof, that an agent used his own funds in relation to the subject-matter of the agency. If an agent, intrusted with a farm for sale, receives the proceeds of the produce of the farm, and redeems or purchases a lot of the principal, which was sold under foreclosure, with the proceeds of the sale of the farm, and also with other funds not otherwise accounted for, it will be presumed that such other funds were the proceeds of the produce.

ID. — CONSTRUCTIVE TRUST — AGENCY. — An agent cannot acquire his principal's property by using his own funds to make a purchase which is in effect a redemption of the subject-matter of the agency; and a constructive trust arises from such a purchase in the name of the agent, whether the funds used belonged to the principal, or not.

ID. — STATUTE OF FRAUDS. — The statute of frauds has no application when a trust sought to be enforced against an agent is not an express trust, but a constructive one, arising from the conduct of the agent, and the confidential relation in which he stood to the plaintiff.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Venable & Goodchild, W. H. Spencer,* and *Garber & Bishop,* for Appellants.

*Graves, Turner & Graves,* for Respondent.

FOOTE, C.—Action to declare a trust.  The court below gave judgment for the plaintiff, and the defendants appeal.  The facts as shown by the record are as follows:—

In 1877 the plaintiff, who was a Spanish woman, not understanding the English language, owned two pieces of real property, one of which was a ranch of five hundred acres, and the other a lot in San Luis Obispo. Both of these were mortgaged, and the interest was eating up the property.  In this condition of affairs she conveyed the property to her son David, at his suggestion, in order to enable him to manage the same and try to effect a sale.  The court finds, and we think the evidence shows, that no consideration was paid for this deed, and that David was the agent of his mother with respect to the property.  He did not succeed in effecting a sale, and the property was sold under foreclosure proceedings to the persons who held the mortgage.  It was claimed, however, in behalf of the mortgagor, that the proceedings on the foreclosure sale were void, and the plaintiff and her other children continued in possession of the property, David managing the same and disposing of the produce of the ranch, and receiving the money arising from the sales thereof.  A compromise was effected by the sale and conveyance of the ranch to one Graig for $7,000, the payment to the purchasers at the sheriff's sale of $6,700, and the conveyance by them to David of the town lot, which is the property in controversy.

This sum of $6,700, as well as a previous payment of $1,701.50, was made to the mortgagees by David.  It

affirmatively appears that the payment of $6,700 came from the sale of the ranch to Graig. And while it is not shown whose money the $1,701.50 was, the inference is that it was out of the proceeds of the sales of the produce. The fact of the agency being established, and the money for the produce having been received by the agent, and not accounted for by him, the presumption is, that he used that money to make the payment. It cannot be presumed that he used his own funds to make payments in relation to the subject-matter of the agency. But if he did use his own funds for this payment, it would made no difference, for it is clear that an agent cannot acquire his principal's property by using his own funds to make what is in effect a redemption of the subject-matter of the agency.

These being the facts, it would seem that the law is perfectly plain. There was no express trust, but a constructive one arising from the conduct of David, and the confidential relation in which he stood to the plaintiff, and the statute of frauds has no application. (*Brison* v. *Brison*, 75 Cal. 525; *Wood* v. *Rabe*, 96 N. Y. 426; 48 Am. Rep. 640.)

We therefore advise that the judgment and order denying a new trial be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.