# JUNE TERM, 1894.*

| 102    1|
| 113  405|

KATE CONNOLLY v. KATE J. KEATING, FRANCIS P.  102    1|
122  641| KEATING, AND KATE J. KEATING, ADMINISTRA-
TRIX OF THE ESTATE OF PETER KEATING,
DECEASED.

*Evidence—Matters within knowledge of deceased person—Resulting
trust.*

1. 3 How. Stat. § 7545, which prohibits the "opposite party," in
a suit prosecuted or defended by the heirs, assigns, devisees,
legatees, or personal representatives of a deceased person,
from testifying at all to matters which, if true, must have
been equally within the knowledge of the decedent, applies to
a party who files a bill to declare the title to land conveyed
to the decedent in his lifetime to be in the complainant.[1]

2. How. Stat. § 5569, which provides that when a grant for a
valuable consideration shall be made to one person, and the
consideration therefor shall be paid by another, no use or trust
shall result in favor of the person making such payment, but
the title shall vest in the grantee, must be understood as
applicable only to those cases in which the deed has assumed
the form it has by *consent* of the party furnishing the con-

---

[1] See *Penny v. Croul,* 87 Mich. 29, for a review of the cases
construing this section of the statute; and for later decisions see
*Ripley v. Seligman,* 88 Mich. 177; *Smith v. Smith Estate,* 91 Id.
7; *Letts v. Letts,* 91 Id. 596; *Lilley v. Insurance Co.,* 92 Id. 153;
*Insurance Co. v. O'Brien,* 92 Id. 589; *Brennan v. Railroad Co.,*
93 Id. 156; *In re Dunlap Estate,* 94 Id. 11; *Fenton v. Miller,* 94
Id. 204; *Baumann v. Salt & Lumber Co.,* 94 Id. 365; also, for
cases bearing upon the question of the *waiver* of the provisions of
the statute, see *Michigan Savings Bank v. Butler Estate,* 98 Mich.
381, and note.

*Continued from Vol. 101.

sideration; citing *Fisher v. Fobes,* 22 Mich. 457; *McCreary v. McCreary,* 90 Id. 478.

Appeal from Hillsdale.    (Lane, J.)    Argued June 21, 1894.    Decided September 25, 1894.

Bill to set aside a deed, and to declare the title to the lands conveyed thereby to be in complainant.    Defendants appeal.    Decree affirmed.    The facts are stated in the opinion.

*Frankhauser Bros.* and *F. H. Stone,* for complainant.

*Guy M. Chester,* for defendants.

LONG, J.    This bill is filed for the purpose of setting aside a deed executed by Julian L. La Moore and Anna La Moore, his wife, to Peter Keating, deceased, and to declare the title to the premises described in said deed to be in the complainant.

The complainant's contention is that in November, 1887, she placed in the hands of Peter Keating the sum of $500, with which to purchase for her the lands described in the La Moore deed, and to have the title vest in herself, or in Peter Keating as trustee for her; that Keating took the money, made the purchase from La Moore, and took the title to himself absolutely, without her knowledge or consent, and against her express directions and requests; that, after the deed was executed, Mr. Keating put it upon record, and afterwards delivered it to her, since which time it has been in her possession, but that while Keating lived she never examined the deed to see its contents, because during all that time no question as to her title was raised; that after the deed was executed she made substantial improvements upon the property, rented it, and collected the rents, and exercised all the acts of ownership over it until the death of Keating, December

31, 1890, when for the first time she learned that the deed was taken in his name absolutely, and that his heirs and representatives, the defendants in this case, disputed her title thereto.

On the hearing in the court below there did not seem to be any dispute but that the complainant furnished the money with which Peter Keating purchased the premises in controversy, but the defense was that the complainant well knew that Peter Keating took the deed in his own name, and that the absolute title to the premises, during his lifetime, vested in him, and that the complainant had no right to relief, as she could not establish a trust in these lands by parol. The court below, after a hearing in open court, found that the complainant was entitled to the relief prayed, and decreed that the title should vest in her.

There are but two questions raised in this Court:

1. That, this suit being brought against the estate and the heirs of Peter Keating, now deceased, complainant could not testify to matters equally within the knowledge of the deceased.

2. That the grant being made to Peter Keating, and the title vesting in him absolutely, though payment therefor may have been made by complainant, under the statute a trust could not be shown by parol evidence.

The complainant was called as a witness, and testified in the case to many matters which could not have been within the knowledge of the deceased, and as to those matters her testimony may be considered. As to the matters which were equally within the knowledge of the deceased, the rule is too well settled to need the citation of authorities that her testimony cannot be considered in determining the question involved here.

Upon the second point, How. Stat. § 5569, provides:

"When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall

be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

This section stands as section 7, chap. 214, entitled "Of Uses and Trusts."

By section 5571, being section 9 of that chapter, it is further provided:

" The preceding seventh section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the lands so conveyed with moneys belonging to another person."

In *Fisher v. Fobes,* 22 Mich. 458, Mr. Justice COOLEY, speaking of section 5569, says:

" This provision, however, must be understood as applicable only to those cases in which the deed has assumed the form it has by consent of the party furnishing the consideration.   It has no application to a case where one has taken a deed in his own name in fraud of the rights of another, nor to a case where, though no fraud was designed, the conveyance has been made to some person other than the purchaser without his consent."

In *McCreary v. McCreary,* 90 Mich. 478, the same rule was laid down, *Fisher v. Fobes* being cited and approved.

It is therefore well settled in this State that if Peter Keating took the deed with the understanding with complainant either that it was to be executed to her, or to himself in trust for her, and then, without her knowledge or consent, and against her express directions and requests, took the deed in his own name, a court of equity will, upon proof of these facts, decree the title to be in the complainant.

We think that the testimony abundantly shows, without

considering the testimony of the complainant relating to facts which were equally within the knowledge of Keating, that the complainant never assented that he should take the absolute title to the premises, and that the court below was not in error in so finding.

The decree below will be affirmed.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.