CECILIA THOMPSON ET AL. v. FELICIA MARLEY ET AL.

*Trust—Statute of frauds—Parol agreement—Pleading—Resulting trust.*

A daughter, by means of fraud and undue influence, procured from her father a deed of his real estate upon the understanding that she should hold the lands in trust, and after his death distribute them among all of his heirs at law according to the statute of descent. The deed was not recorded, and the father afterwards conveyed portions of the land, and the daughter witnessed and took his acknowledgment to the conveyances. About 15 months after the execution of the first deed, the daughter procured from her father a second deed of the same lands, and caused the same to be recorded, and thereupon claimed, under said last-mentioned deed, to own said lands in fee, and denied that the first-mentioned deed was ever executed and delivered to her. After the father's death, a bill was filed by a portion of the heirs at law, setting forth the foregoing facts, and praying for the setting aside of the second deed, and the execution of the trust created by the first deed. The bill did not allege that there was any fraud practiced in procuring the second deed, or that any trust was connected therewith, unless an allegation that the defendants were in possession of all of the lands, and that the same were held in trust by said daughter for all of the parties to the suit

as tenants in common, amounted to such an allegation. The defendants demurred generally. On the argument of the demurrer, the court, noticing that it was not alleged in the bill whether the trust was by parol or in writing, inquired of the complainants' solicitor whether there was any written declaration of the trust, and was informed that there was none. This fact was further evidenced by the framework of the bill, and the court found accordingly, and sustained the demurrer upon the following grounds, which are approved on appeal:

*a*—That a parol trust, such as is set forth and claimed in the bill, is void, and cannot be declared and enforced by a court of equity.

*b*—That the fact that the complainants were the children of the grantor did not of itself create in them an equitable beneficial interest in said lands at the time of the execution of the first deed.

*c*—That, if there was any equitable beneficial interest existing in the complainants at the time of the execution of the first deed, it was by virtue of the parol understanding and declaration of trust, which must be resorted to by them for the purpose of determining said trust and who are the beneficiaries under its terms; that, if such parol understanding was void for the purpose of declaring the trust and making it enforceable, it would be equally void for the purpose of establishing a beneficial interest in the complainants.

*d*—That, while no resulting trust arose in favor of complainants, still, in view of the fact of the father being in possession of the land when he executed the first deed, and continuing in possession until his death, and of said deed having been procured by undue influence, with the intent not to carry it into effect, the parol agreement, made at the same time, was such a fraud as vested in the father an equitable title to the lands; that he might have filed a bill at any time to set aside said deed for the reason stated, and, if he had died with the lands in that situation, his rights in the premises would have devolved upon his heirs or personal representatives.

*e*—That, there being no allegation in the bill setting up any fraud against the second deed, or that there was any trust or intended trust connected with it,—the general allegation in that regard, above set forth, being insufficient for that purpose,—said second deed, under the pleadings in the case, must be construed as vesting an absolute title in fee in said daughter.[1]

---

[1] For analogous cases, see *Shafter v. Huntington*, 53 Mich. 310, and authorities there cited.

Appeal from Mackinac.    (Adams, J.)    Argued October 10, 1894.   Decided November 20, 1894.

Bill to set aside a deed, and to declare a trust under a prior deed.   Complainants appeal.   Decree dismissing bill affirmed.   The facts are stated in the opinion.

*James McNamara,* for complainants.

*Henry Hoffman,* for defendants.

LONG, J.   This cause was heard below on bill and general demurrer, and the demurrer there sustained, and bill dismissed.

The bill alleges, substantially, that all the parties to the cause are the children and heirs at law of Michael Marley, deceased, who died June 22, 1893; that on September 15, 1891, Michael Marley conveyed the premises in controversy here to his daughter Felicia Marley, by warranty deed, without any consideration, and with the understanding that said property should be held in trust by her, to be distributed after his death between herself and the other children and heirs at law of said Michael Marley, in proportion to their just shares as provided by law; that said Felicia acquiesced in said understanding with her father, and, the more fully to carry out the same, the said deed was not placed on record, so that sales could be made of portions of the land in the name of Michael in his lifetime; that such sales were made, and Felicia took the acknowledgment of such conveyances, and witnessed the same, during the lifetime of her father.   It is claimed that this deed was procured by fraud and undue influence. It is further alleged that on December 13, 1892, Felicia procured another deed of warranty from her father, and caused the same to be recorded, and now claims the entire fee to the premises under said last-mentioned deed, and

wholly denies that said first-mentioned deed was ever made, executed, and delivered to her. The bill does not set up any fraud in procuring this last deed, or claim that there was any trust connected with the giving of it. The bill prays that this second deed be set aside, and the trust created by the first deed be executed.

Upon the hearing in the court below, the learned circuit judge filed a written opinion, from which we quote with approval as follows:

"It will be observed that the bill does not allege, in terms, whether the trust claimed with reference to the first deed was by parol, or declared by some instrument in writing. The court, however, on the argument of the demurrer, noticing that fact, i. e., that it was not alleged whether the trust was by parol or in writing, inquired of the complainants' solicitor whether there was any written declaration of the trust, and was informed by him that there was none; and from the framework of the bill, as well as by the statement made by complainants' solicitor, the court is satisfied that there was no written declaration of the trust claimed with reference to the deed of September 15, 1891, and, if there was a trust by the understanding of the parties, that it was a parol trust, and not one declared in writing.

"The question arises whether, considering it as a parol trust, and not in writing, it could be established, decreed, and enforced by this court. The statute provides that all express trusts shall be in writing, and in section 5573, which defines the purposes for which an express trust may be created, provides in the fifth paragraph that, where the trust is for the beneficial interest of any person or persons, such trust shall be fully expressed and clearly defined upon the face of the instrument creating it.

"The decisions in this State and elsewhere are numerous to the effect that an express trust cannot be raised by parol. *Wright v. King*, Har. Ch. 12, 17; *Bernard v. Bougard*, Id. 143; *Brown v. Bronson*, 35 Mich. 418. It does not seem necessary further to pursue the inquiry as to whether a parol trust, such as that set forth and claimed in the bill of complaint (if it is to be treated as a parol trust), could be declared and enforced by a decree

of this court; but, looking at it in that way, it must be declared void.

"In *Randall v. Constans*, 33 Minn. 329 (23 N. W. Rep. 530, 531), it was held that, where it does not appear by any averment in the bill of complaint whether the agreement or declaration of trust was in writing or by parol, it will be presumed by the court that the agreement referred to was in writing, and valid within the requirements of the statute of frauds; and the court refers, as authorities upon that proposition, to the cases of *Wentworth v. Wentworth*, 2 Minn. 277; *Cozine v. Graham*, 2 Paige, 178; Reed, Stat. Frauds, § 505; Hill, Trustees, 93. In this case the court places its finding that it may be presumed to be in writing in such a case upon the fact that there were no admissions on the subject upon the argument; but in the case at bar it has been distinctly admitted by complainants' counsel, on the argument, that there was no written declaration of the trust. The principle decided in *Randall v. Constans* could not be made to apply, and the trust, if there was any such an understanding as alleged in the bill of complaint, must be held to be by parol, and therefore void under the statute of frauds.

"The next question that arises is whether, if the deed of September 15, 1891, was procured, as alleged in the bill, by undue influence, by a scheme on the part of defendant Marley and those who assisted her, and with the understanding that it was for the use and benefit of all the other heirs of Michael Marley, and she would distribute the land between the heirs, as alleged in the bill of complaint (and the demurrer is an admission of this allegation), there was a resulting trust, or implied trust, growing out of these facts.

"In the case of *Randall v. Constans*, the subject is pretty fully considered, and authorities are collated and discussed; and the court holds that where there is fraud or artifice in procuring title to property, or the same is wrongfully taken or retained in his own name by one occupying a fiduciary relation, a trust results in favor of the party equitably entitled, 'and, generally, where the legal title is obtained by fraud, equity turns the fraudulent procurer into a trustee in order to get at him;' that in such a case it is not the parol agreement upon which the court acts, but the fraud, which gives the court jurisdiction to determine the appropriate relief. The court further says that—

" ' It may be stated as a general rule that where the grantor parts with property on the faith of the promise of the grantee to hold it as security, or to fulfill a trust concerning it, equity will not permit such grantee to retain the property in violation of his agreement, but will compel him to restore it, or its value, or the proceeds thereof, and in proper cases may enforce it, if partly performed, and justice could not otherwise be done in the premises.'

" Upon this proposition the court refers to a number of leading cases, which are well considered, and would go to the extent of establishing that doctrine. In this case the court further says:

" ' It is not material that the legal title passed to the grantee from a third party, who held the title as trustee for the equitable owner, the transaction being for the benefit of the latter. Such transfers, whatever the particular form, when made to secure a debt or advances, are usually construed to be in the nature of mortgages, and upon that basis adequate relief can ordinarily be administered.'

" The court refers, by way of illustration, to *Siemon v. Schurck,* 29 N. Y. 598, where a deed was taken in the name of a third party without the knowledge or consent of the person who furnished the consideration, and on that ground it was held that a trust resulted in her favor, which the court might enforce; but, as appears by the subsequent language of the court, that was mainly on the ground that the person last mentioned had an equitable beneficial interest in the property at the time of the conveyance, and the court holds that the mere fact of said person furnishing the consideration would not raise a trust in the nature of a resulting trust in favor of such person unless there was fraud in the transaction. This appears to be the plain meaning of sections 5569, 5571, How. Stat.

" It will be observed that the bill in this case does not allege any existing beneficial interest in the complainants at the time of the execution of the deed of September 15, 1891. They are alleged to be the children of Michael Marley, but that fact of itself does not create an equitable beneficial interest in such children in the lands of their father existing at that time.

" If there was any equitable beneficial interest existing at that time in the complainants, it was by virtue of the parol understanding and declaration of trust, and the parol understanding must be resorted to by them for the purpose

of determining the trust and the parties having a beneficial interest under the terms of the trust; and, if the parol understanding was void for the purpose of declaring the trust and making it enforceable, it would be equally void for the purpose of establishing a beneficial interest in the complainants.

"Then, if it be true that there was such a parol understanding as alleged in the bill, that the deed was obtained by undue influence and methods stated in the bill, and by reason thereof a resulting trust arises, it would arise in favor of the grantor in the deed, who had been deceived (Michael Marley), as at that time he was the only party who had a subsisting beneficial interest in the lands. In the case of *Randall v. Constans,* the court says:

" 'While a parol agreement to execute a trust cannot be enforced, and a mere refusal to perform a contract is not in itself a fraud, yet, where property has been conveyed in reliance upon its fulfillment, equity will not permit a party to retain the property and refuse to perform the agreement, and thereby consummate a fraud upon the opposite party by so retaining it without consideration, and in violation of his agreement.'

"It seems to me from these considerations, upon the statement of facts upon the bill of complaint and the admissions of the demurrer, Michael Marley being in possession of this land, and continuing in possession until his death, and the deed of September 15, 1891, having been procured from him by undue influence, and with the intent not to carry it into effect, that the parol agreement made at the same time was such a fraud as vested in Michael Marley an equitable title to these lands. He was in possession, and might have filed his bill at any time to set aside that deed for the reason stated. If he had died with the property in that situation, his rights in the premises would have devolved upon his heirs or personal representatives; but such was not the case, and on the 13th of December, 1892, he executed a warranty deed to his daughter of the same premises, acknowledged it, delivered it, and it was put upon record. This was about six months prior to his death. During that time Felicia Marley appears, from the bill, to have been in possession of the property, and still in possession.

"As before stated, there is no allegation in the bill setting up any fraud against the second deed, or that there was any trust or intended trust connected with it, unless

the allegation in the tenth paragraph of the bill, that 'the same [lands] are all held in trust by said Felicia Marley for all the parties to this suit, as tenants in common,' could be so construed. I do not think, however, that that is a sufficient allegation of the agreement by which the trust is claimed to have been created, and of the fraud, if any existed, as against the deed of December 13, 1892, and, so far as I can see, that deed, under the pleadings in this case, must be construed as vesting an absolute title in fee in Felicia Marley."

We concur fully in the views of the circuit judge as above expressed. The case is plainly distinguishable from *Bigelow v. Sanford*, 98 Mich. 657. In that case, as in *Randall v. Constans*, 33 Minn. 329, cited by the learned circuit judge, it did not appear by the bill whether the declaration of trust was in writing or by parol; and it was held that, where a party offers to show an agreement, it is to be presumed that he proposes to prove all that is requisite to make the agreement sufficient in law. In the present case it was expressly admitted by counsel on the hearing that the trust rested in parol. Upon this admission the court below acted, and properly held that it was void.

The decree below dismissing the bill must be affirmed.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.