| 106 | 127 |
| f155 | 35 |

## KROLL *v.* DIAMOND MATCH CO.

PLEADING—BREACH OF LAND CONTRACT—STATUTE OF FRAUDS.

> A declaration alleging that defendant proposed in writing to pay plaintiff a specified sum for a deed to certain lands, that plaintiff accepted the offer, and afterwards tendered the deed, but that defendant refused payment, is not defective in failing to aver that plaintiff's acceptance was in writing.

Error to Houghton; Hubbell, **J.** Submitted June 11, 1895. Decided July 2, 1895.

*Assumpsit* by William Kroll against the Diamond Match Company for the breach of an agreement for the purchase of land. From a judgment sustaining a demurrer to the declaration, plaintiff brings error. Reversed.

*W. S. Hill (T. W. Whitney,* of counsel), for appellant.

*A. R. Gray,* for appellee.

GRANT, J. The declaration in this case sets forth that the defendant offered and proposed in writing to pay plaintiff $2,000 upon receipt of a quitclaim deed of certain lands; that he then and there accepted said proposal, and afterwards, on a date mentioned, while said proposal was unrevoked and in full force, he tendered to defendant a proper and sufficient quitclaim deed, but that it refused to pay. The defendant interposed a general demurrer.

The only question before us is, was it necessary to allege an acceptance in writing? That question is settled in this State against the defendant. *Dayton* v. *Williams,* 2 Doug. 31; *Harris Photographic Supply Co.* v. *Fisher,* 81 Mich. 136. Were it conceded that the acceptance rested in parol, and that the tender of the deed was made pursuant to said contract, we could dispose of the

case upon its merits. *Thompson* v. *Marley*, 102 Mich. 476. But we do not find this concession in plaintiff's brief. It must therefore be reserved for determination upon the evidence.

The case must be reversed, and remanded to the court below, where the defendant will be given the usual time to plead.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. LONG, J., did not sit.