TRIPPENSEE *v.* RICE.

1. PRINCIPAL AND AGENT—PURCHASE OF LOTS AT SCAVENGER SALE.
   Agreement whereby defendants were to purchase city lots for plaintiffs at so-called scavenger sale constituted defendants plaintiffs' agents for such purpose.

2. TRUSTS—CONSTRUCTIVE TRUST—PRINCIPAL AND AGENT—STATUTE OF FRAUDS.
   A person who agrees with another to purchase property on behalf of the other and purchases the property for himself individually holds it upon a constructive trust for the other, and can not invoke the statute of frauds as a defense to his own fraud or to prevent the enforcement of a constructive trust in plaintiff's favor (3 Comp. Laws 1929, § 13413).

3. FRAUDS, STATUTE OF—FRAUD—PURCHASE OF LANDS BY AGENT IN OWN NAME—RESULTING TRUSTS—STATUTES.
   The defense of the statute of frauds is not available to an agent who purchases in his own name lands which he has been directed to obtain and such a purchase is a fraud on the principal, governed by exception to the statute prohibiting resulting trusts (3 Comp. Laws 1929, §§ 12973, 12975, 13413).

4. TRUSTS—CONVEYANCE TO ONE OTHER THAN PAYER OF CONSIDERA-TION—STATUTES.
   Statute providing that where consideration for a conveyance is paid by one person and another is named therein as alienee, but no trust results in favor of party paying consideration, title shall vest in alienee applies only where party paying consideration consents to such conveyance and not where conveyance has been taken by mistake or where fraud exists (3 Comp. Laws 1929, § 12973).

5. FRAUDS, STATUTE OF—WRONGDOERS NOT PROTECTED.
   The statute of frauds can not be relied upon as a protection to wrongdoers (3 Comp. Laws 1929, § 13413).

---

Statutory provisions abolishing the purchase money resulting trust, see 2 Restatement, Trusts, § 440, comment i.

Agent's duty of loyalty, see 2 Restatement, Agency, § 387; gratuitous agents, see 2 Restatement, Agency, § 387, comment c.

6. PRINCIPAL AND AGENT—PURCHASE OF LAND BY AGENT IN OWN
   NAME WITH OWN MONEY—CONSTRUCTIVE TRUSTS—REIMBURSE-
   MENT—CONSIDERATION OF AGENCY.

   Agent who has purchased lands for himself at so-called scavenger
   sale with his own money, where he should have bought for his
   principal, may be made a constructive trustee for the principal,
   if reimbursed for expenditures, even though he receive no con-
   sideration for acting as agent and even though he advanced
   his own money with which to purchase.

7. ACCOUNTING—ENFORCEMENT OF PAROL AGREEMENT RELATIVE TO
   PURCHASE OF LANDS.

   One who seeks to enforce parol agreement relative to purchase
   of land and who also asks for an accounting would be entitled
   to accounting as to moneys expended by defendants on behalf
   of plaintiffs if the equities so require upon latter's showing
   that enforceable contractual relations existed.

Appeal from Oakland; Doty (Frank L.), J.  Sub-
mitted June 13, 1945.  (Docket No. 45, Calendar No.
43,080.)  Decided October 8, 1945.

Bill by Frank J. Trippensee and wife against
Norman F. Rice and another to have decree that de-
fendants are holding certain real estate as trustees
and for an accounting.  Bill dismissed.  Plaintiffs
appeal.  Reversed and remanded for further pro-
ceedings.

*Arthur Mitchell,* for plaintiffs.

REID, J.  By their bill of complaint plaintiffs seek
to enforce a parol agreement by which defendants
were to purchase certain lands at a scavenger sale
in the names of plaintiffs, and plaintiffs ask for an
accounting.  A motion to dismiss the bill for failure
to state a sufficient case was granted.  From the de-
cree entered accordingly, plaintiffs appeal.

The bill alleges that plaintiffs were owners of the
two lots involved, which had been sold by them on

land contracts, upon which contracts there were unpaid balances. Plaintiffs claim that they entered into a parol agreement with the defendants on May 17, 1940, whereby defendants agreed to purchase said lots for plaintiffs at the scavenger sale of the State land office board in the names of plaintiffs, and that defendants thereafter did purchase said lots at the scavenger sale but took the title in their own names. The bill further alleges that when plaintiffs became aware of the situation, they remonstrated with defendants. Plaintiffs claim further that in June, 1941, it was agreed that if plaintiffs would repurchase the vendees' interest in lot 10, defendants would convey lot 15 to plaintiffs. Plaintiffs claim they repurchased the vendees' interest in lot 10, so informed defendants, and demanded that defendants convey lot 15 to them but that the defendants refused so to do.

Plaintiffs rely upon their claim that the defendants violated their trust in acquiring title in their own names and refusing to convey title to plaintiffs.

The motion to dismiss is based on the grounds that the agreement relied on by plaintiffs relates to real estate and is unenforceable because it is not in writing; further, that the claim in the bill that defendants are holding the two lots in trust for plaintiffs, said trust not being evidenced by writing, is invalid under the Michigan statute; and, further, that the agreement counted on by plaintiffs is indefinite and uncertain and cannot be specifically enforced.

The opinion of the trial judge was filed January 17, 1945. *Evanoff* v. *Hall,* 310 Mich. 487, was decided February 20, 1945. The bill in the *Evanoff Case* recited a verbal agreement by which defendant agreed to purchase real estate at a scavenger

sale for plaintiff, and the bill was filed to compel conveyance of the real estate to plaintiff. In that case we say (p. 492):

"The evidence is convincing that defendant agreed to purchase the lot for plaintiff in the event he was unable to attend the scavenger sale. Under such agreement defendant became and acted as plaintiff's agent. * * * Defendant cannot invoke the statute of frauds* as a defense against his own fraud or to prevent the enforcement of a constructive trust in plaintiff's favor."

Plaintiffs cite the case of *Stephenson* v. *Golden,* 279 Mich. 710, in which we say, at p. 749:

"The defense of the statute of frauds is not available to an agent who purchases in his own name, without knowledge or consent of his principal, State tax lands which he has been directed to redeem on behalf of the owner, and such a purchase is a fraud on the principal and will be governed by the exception to the statute prohibiting resulting trusts. *Backus* v. *Cowley,* 162 Mich. 585. Section 12973, 3 Comp. Laws 1929† applies only where the conveyance is made to the alienee by the consent of the party paying the consideration and does not apply in cases where the deed has been taken by mistake or where fraud exists. *Stansell* v. *American Radiator Co.,* 163 Mich. 528; *Thompson* v. *Marley,* 102 Mich. 476. Where a fraud exists, relief is granted under compiler's section 12975‡ as an exception to section 12973 which was never intended to legalize proceedings for the benefit of a grantor in fraud of others; and it has no application to a case where one has taken a deed in his own name in fraud of

---

* See 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).—REPORTER.

† Stat. Ann. § 26.57.—REPORTER.

‡ Stat. Ann. § 26.59.—REPORTER.

the rights of another, nor to a case where, though no fraud is designed, the conveyance has been made to some person other than the purchaser without his consent. *Fisher* v. *Fobes*, 22 Mich. 454; *McCreary* v. *McCreary*, 90 Mich. 478; *Connolly* v. *Keating*, 102 Mich. 1. The statute of frauds cannot be relied upon as a protection to wrongdoers.. 27 C. J. p. 307.''

Further, at p. 757:

''It is a general rule:

'' 'That the agent who has purchased for himself with his own money, where he should have bought for his principal with the latter's money, may be made a constructive trustee for the principal, if the agent is reimbursed for his expenditures.' 3 Bogert on Trusts and Trustees (1st Ed.), p. 1534, § 487, and cases cited.''

See, also, *DeMallagh* v. *DeMallagh* (also cited as *Mallagh* v. *Mallagh*), 77 Cal. 126 (19 Pac. 256).

It is immaterial in this case that the agent received no consideration for acting as agent, and immaterial that he advanced his own money with which to purchase.

The decree of the trial court dismissing the bill of complaint is reversed and cause remanded for a hearing on the merits. Plaintiffs shall be accorded their right to prove the claimed contractual relations with the defendants. If the evidence is found to support plaintiffs' claim as to an agreement, an accounting should follow by plaintiffs for moneys paid out in their behalf by defendants if the equities so require. Costs to plaintiffs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. The late Justice WIEST took no part in the decision of this case.