L. L. TODD v. JOHN W. ALLEN.

EVIDENCE; ISSUE; WRITTEN CONTRACT; *Parol Proof of Acts Performed.*
Where the two members of a copartnership enter into a written contract for the dissolution of their copartnership and for a sale, at some future and indefinite time, of all their partnership assets, and afterward a sale is made of such assets, one of the partners becoming the purchaser, the other partner in an action between the two partners, may show by parol evidence that said sale was not made in exact accordance with the terms of the written contract; and such evidence cannot be excluded on the ground that it would contradict or vary the terms of said written contract.

*Error from Atchison District Court.*

*Todd* sued *Allen*, to recover certain moneys alleged to have been collected and received by *Allen* for the use of *Todd.* The district court gave judgment in favor of *Allen*, at the November Term 1875, and *Todd* brings the case here.

*Everest & Waggener*, for plaintiff.

*D. Martin*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff Todd and the defendant Allen were formerly partners in the drug business, under the name of Allen & Todd. On 17th June 1874 they entered into a written executory contract to dissolve their copartnership, and to sell their partnership business, including all their partnership property and good-will, to the partner who would pay the most therefor. Afterward they made

an estimate of their assets and liabilities, and on June 18th or 19th sold said business and all their assets, except certain accounts denominated "worthless accounts," and perhaps those too, to said Allen. Whether said accounts were in fact so sold or not, was the principal question attempted to be litigated in the court below. The plaintiff Todd claimed that said accounts were not so sold, but were reserved from said sale with the agreement that whatever portion of them might be collected by Allen should be equally divided between the parties, and whatever portion of them might be collected by Todd should be divided, one-third to Allen and two-thirds to Todd. On the other hand, Allen claimed that all of said accounts, as well as all the other property belonging to firm, were included in said sale, and therefore that all were sold to him, and all belonged to him exclusively. By the terms of said written contract said accounts were to be included in the sale to be made under said contract; and therefore it was contended by the defendant in the court below, that no other sale or kind of sale could have in fact been made by the parties; or at least, it was claimed that the plaintiff had no right to show on the trial, by any kind of evidence, that the terms of said sale as specified in said written contract were afterward in any manner varied or modified by the parties. On the other hand, the plaintiff claimed that said written contract was not in fact strictly followed, if followed at all, in making said sale, and that he had a right to show by parol evidence just how the sale was in fact made, notwithstanding said written contract. Upon this question the court below ruled in favor of the defendant. That is, the court below ruled that the written contract did not become a complete and binding contract until the sale was completed under it, and therefore that no sale of any kind could be shown except the one contemplated in said contract; for, the court held, to show a sale different from the one contemplated in said contract would be to contradict and vary the terms of the contract. The court held that no other contract, written or parol, made prior to said sale, could be shown; but that

any contract written or parol, made subsequently to said sale, might be shown.

It is well settled, that the terms of a written contract cannot be varied by any previously executed contract, written or parol, nor by any contemporaneous parol contract. It is equally well settled, that the terms of a written contract may be varied, modified, waived, annulled, or wholly set aside, by any subsequently executed contract, whether such subsequently executed contract be in writing or in parol. Now was said sale to Allen made subsequently to the execution of said written contract, or was it made contemporaneously therewith? Unquestionably the sale was made subsequently, and at least one day thereafter. The contract was executed June 17th. That is, the instrument constituting the contract was executed on that day, and became a completed contract on that day. But the things stipulated to be performed under such contract were not however executed on that day, and some of them probably never were executed in exact accordance with the terms of such contract. The stipulations with regard to said sale were certainly not executed at the time of the execution of the instrument, but were certainly all merely executory. The contract did not create a sale, or constitute a sale. It merely provided for a sale *to be made* at some indefinite time in the future. And who would be the purchaser, or who the seller, or what the price would be, no one could tell from the contract. Each partner was to bid, and each was to bid alternately, until his bid should be accepted by the other partner. The sale actually transpired on the 18th, or 19th, of June, and Allen was the purchaser; but by the terms of the contract it might have transpired at any other time after the contract was made, and Todd might have been the purchaser. And according to the evidence the sale was not conducted strictly in accordance with the contract. Allen was the only bidder, and said accounts were not included in the sale. We think the court below erred in excluding evidence tending to show that said accounts were not

included in said sale, and that the plaintiff was to have one-half of whatever Allen might collect of them.

After the plaintiff rested his case, the defendant demurred to the evidence, and the court below sustained the demurrer, and refused to submit the case to the jury. Now upon the defendant's theory of the case, this was right; but upon the plaintiff's theory of the case, it was wrong. If the plaintiff had no right to show a sale different from the one contemplated in said written contract, then there was no sufficient evidence to go to the jury. But if the plaintiff had a right to show that the sale was such as he claimed that it was, and that said accounts were excluded from the sale, and that he was to have one-half of what Allen collected thereon, then there was evidence sufficient to go to the jury. It is immaterial however whether there was sufficient evidence or not to go to the jury; for, because of the said error in excluding evidence, the judgment of the court below must be reversed.

BREWER, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the court below.