QUINLAN, MONTGOMERY & CO. v. J. S. DANFORD.

1. ATTACHMENT, *Motion to Discharge.* The defendant may at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment as to the whole or part of the property attached. (Code, § 228.)

2. ———— If a petition does not state a cause of action against the defendant, the district judge, in the absence of an amendment to the petition, is justified in dissolving an attachment issued against the property of the defendant.

3. ———— A plaintiff may amend his petition without leave at any time before the answer is filed, without prejudice to the proceedings. (Code, § 136.)

4. ATTACHMENT, *Discharged; Practice.* Where a plaintiff, pending the hearing of a motion to dissolve an attachment on account of a defective affidavit, applies to the district judge to amend the affidavit, which is refused, and thereon the attachment is discharged, and the record wholly

| | |
|---|---|
| 28 | 507 |
| 40 | 418 |
| 28 | 507 |
| 50 | 712 |
| 28 | 507 |
| Case 2 | |
| c71 | 449 |

fails to state in what particular or wherein the plaintiff proposed to amend the affidavit, the supreme court cannot say upon such a record that any material error was committed in the refusal of the court to allow the amendment.

*Error from Sumner District Court.*

ACTION by *Quinlan, Montgomery & Co.* against *The Merchants' and Drovers' Bank of Caldwell,* Kansas, and *J. S. Danford,* to recover $2,895.62. The petition was filed in the district court of Sumner county, November 26, 1881, on a certain sight draft drawn by the bank in favor of and payable to the order of Quinlan, Montgomery & Co., which draft, upon presentment, was refused payment. The petition further alleged that J. S. Danford was and is president of the bank and one of the principal stockholders thereof, and has had and now has control of the business and property of the bank, and has converted the funds of the bank to his own use to the amount of $50,000, and refuses to account to the creditors of the bank for the same or any part thereof, and refuses to apply said sum or any part thereof to the payment of the debts of the bank. Upon a precipe duly filed, a summons was issued upon the petition to the sheriff of Sumner county, requiring the defendants to answer the petition on or before the 26th day of December, 1881. This summons was personally served upon J. S. Danford on November 28, 1881. On the day of the commencement of the action, plaintiffs filed their affidavit to obtain an order of attachment of the defendants. A copy of the affidavit, omitting title and court, is as follows:

"J. D. S. Cook, being duly sworn, says that he is attorney for plaintiffs in the above-entitled action; that said plaintiffs have commenced said action against the defendants, the Merchants' and Drovers' bank, of Caldwell, Kansas, and J. S. Danford, for the recovery of two thousand eight hundred and ninety-five and $\frac{62}{100}$ dollars; that said defendants are indebted to said plaintiffs in said sum for and on account of one certain sight draft drawn by said Merchants' and Drovers' bank, defendant, in favor of said plaintiffs — No. 8767; that said claim is just, is due, and is wholly unpaid; that said af-

fiant believes said plaintiff ought to recover of said defendants said sum of two thousand eight hundred and ninety-five and $\frac{62}{100}$ dollars; that each of said defendants is about to remove his property, or part thereof, out of the jurisdiction of the court, with intent to defraud his creditors, and is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors, and has property and rights in action which he conceals, and is about to remove and dispose of his property, or a part thereof, with the intent to defraud, hinder and delay his creditors, and has assigned, removed and disposed of his property, or a part thereof, with the intent to defraud, hinder and delay his creditors.                              J. D. S. COOK.

Subscribed and sworn to before me, this 26th day of November, 1881.                              C. W. MORSE,
[SEAL.]                              *Clerk District Court.*

On the same day an order of attachment was issued by the clerk of the court, which was levied upon personal and real property alleged to belong to defendants. On January 25, 1882, the defendant J. S. Danford notified the attorneys of plaintiffs that he would, on the 27th day of January succeeding, make a motion before the district court of Sumner county to dissolve the attachment issued against his property, upon various grounds, among others that the petition filed did not state facts sufficient to constitute any cause of action; second, that the affidavit on which the attachment was granted against him was, and is, totally insufficient to warrant or authorize the issuance of any attachment against the property of the defendant. On the 27th day of January, in accordance with the notice previously given, the motion was made to the district court to dissolve the attachment, and upon a hearing thereof the motion was sustained and the order of attachment dissolved and set aside as to J. S. Danford. The plaintiffs objected to the consideration of the motion, upon two grounds: First, for the reason that Danford was in default of answer or demurrer to the petition; second, that the motion did not state in what particular the affidavit for the order of attachment was insufficient. These objections were overruled, and plaintiffs excepted. At the time of the decision dissolving

the attachment, the plaintiffs asked leave to amend their affidavit for attachment, which request was refused; and thereon the plaintiffs asked leave to amend their petition, which request was also refused. To these rulings the plaintiffs excepted, and now bring the case here.

*J. D. S. Cook,* and *Herrick, George & Graham,* for plaintiffs in error.

*Sterry & Sedgwick,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In this case the petition does not state facts sufficient to constitute any cause of action against the defendant Danford. The Merchants' and Drovers' bank is the defendant which is primarily liable, and the first step is a judgment against the bank. Whatever proceedings may be proper after the judgment to enforce its collection, it is clear under the allegations of the petition that Danford is not primarily liable. The statute requires that the affidavit for attachment must contain a statement showing the nature of the plaintiff's claim. This claim referred to in the affidavit must have reference to the cause of action set forth in the petition. In other words, the debt sued on in the petition must be the one sworn to in the affidavit. If the petition does not state a cause of action against the defendant, the plaintiff is not entitled to have his attachment. An attachment is obtained for the eventual satisfaction of the demand of the creditor, and if the creditor has no demand to satisfy, he is not entitled to an attachment. If he has a demand or cause of action, the petition must contain a statement of the facts constituting such cause of action. Where a person obtains an attachment to be issued against the property of another, and his petition on file does not allege a cause of action against the defendant, and such petition is not amended, no error is committed in dissolving the attachment. Sec. 228 of the code authorizes the defendant at any time before judgment, upon reasonable notice to the plaintiff, to move the

discharge of an attachment as to the whole or part of the property attached. Under this section the defendant may make his application for a discharge or a dissolution of the attachment as soon as reasonable notice thereof can be given to the plaintiff. He need not wait until he files an answer, nor is he debarred from making such application because he has not filed an answer or demurrer to the petition. The objection taken to the affidavit for attachment for failing to set forth the nature of the plaintiffs' claim was properly sustained by the district judge. The language contained therein is too indefinite and loose to show the nature of the alleged indebtedness, or to inform the defendant of the nature of the plaintiffs' claim. It does allege that the defendants are indebted to the plaintiffs in the sum of $2,895.62 for and on account of a sight draft drawn by the Merchants' and Drovers' bank, defendant, in favor of plaintiffs; but in what way Danford is connected with such draft, is wholly omitted. The district judge had the right at chambers to permit the affidavit for attachment and the petition to be amended. (*Wells, Fargo & Co. v. Danford*, ante, p. 487.) But from the record before us, we cannot declare that any material error was committed by the refusal of the district judge to allow the amendments. There is no showing made in the record as to the character of the amendments requested, and therefore we cannot say whether the amendments would have been sufficient to cure the defects in the petition and affidavit. Without leave of the judge, the plaintiffs had the right to amend their petition, as no answer had been filed. If they had made the amendment and then the judge had ignored or refused to consider the petition as amended, the error would be material. If the record contained the proposed amendment to the affidavit, and it appeared from such amendment that the affidavit would be sufficient, the refusal of the judge to allow the amendment would also be material error. In the case of *Wells, Fargo & Co. v. Danford*, supra, it appeared from the record that the plaintiffs applied for leave to amend the defective affidavit so as to make it show the nature of

the plaintiffs' claim against the defendants. Nothing appears of this kind in the record before us. Error is not to be presumed, but must be affirmatively shown, and we cannot say from this record that any material or substantial error was committed. Therefore the order of the district judge must be affirmed.

All the Justices concurring.