THE NATIONAL SOLAR SALT WORKS v. R. J. WEMYSS.

ERRONEOUS INSTRUCTIONS — *Immaterial Error — Judgment, Not Reversed.* When erroneous instructions are given, but it is evident from all the facts shown by the record that the jury were not misled, and that the party excepting to the instructions was in no manner prejudiced, the error is an immaterial one, and the supreme court will not reverse the judgment of the district court therefor. (*Woodman v. Davis*, 32 Kas. 344, cited, and approved.)

### Error from Saline District Court.

ACTION by *Wemyss* to recover upon certain promissory notes given by the *Salt Works* to him. Among other things set up in defense, the defendant alleged that plaintiff obtained the notes by certain fraudulent representations. Trial at the May Term, 1886; verdict for plaintiff; judgment thereon for $6,594.50 and costs. The defendant brings the case here. The opinion contains a sufficient statement of the facts.

*Garver & Bond,* for plaintiff in error.
*John H. Mahan,* for defendant in error.

Opinion by SIMPSON, C.: We shall take notice only of the specific errors complained of in the brief of counsel of plaintiff in error. If there are other errors in the record, they should have been called to the attention of the court here, as well as

to that of the trial court. It is contended that among other defenses urged on the trial, the main one was, that the notes had been obtained by Wemyss through false and fraudulent representations, and this was the principal question passed upon by the jury. There was a verdict and a judgment on the notes for $6,594.50 and costs. The court charged the jury upon the question of fraud as a defense to the action as follows:

"The defendant, to sustain his defense that the notes were procured by the false and fraudulent representations of the plaintiff, must prove:

"*First.* That the false and fraudulent representations, or some of them, were made as alleged in the second count of the defendant's answer.

"*Fourth.* They (such false and fraudulent representations) must have been made by the plaintiff with the intent and for the purpose of inducing the defendant to execute said notes to the plaintiff.

"*Fifth.* The plaintiff must have known such representations to be false when he made them.

"*Sixth.* The defendant must have been ignorant of the real facts, and must have relied solely upon such false and fraudulent representations, if any such are shown to have been made by the plaintiff."

With respect to these, the plaintiff in error says:

"When a contract is sought to be avoided because of false representations made as an inducement to its execution, it is not essential to show that the persons making the representations knew them to be false. ' Whoever positively and generally makes a false assertion, as an inducement for another to contract with him, and succeeds on that ground, is guilty of a fraud which vacates the contract. It must be as represented, or it is fraudulent. A man who does so ought to suffer; he must answer for the truth.' " ( *Wickham v. Grant*, 28 Kas. 511.)

The state of facts developed by the evidence preserved in the record, is substantially as follows: The plaintiff in error pleaded fraud and misrepresentation in the inception of the notes; that there was a total failure of consideration; and finally attempted to show that the defendant in error had re-

lied upon a particular fund for the payment of these notes, and this fund being under his control, and the subject of his creation, he negligently, and from want of business care and knowledge, rendered the property so unproductive that no fund was created out of which to pay the indebtedness. We have very carefully read all the evidence, and must say that there is very little positive evidence, or even trivial circumstances, to support any or all of these alleged defenses. Wemyss advanced the money represented by the notes at a time when the company would have suffered great loss and inconvenience if he had not done so. He advanced it at the suggestion and probably on the request of the president, and it was known to all interested for months before the notes were executed. It is true that he had expressed a hope, possibly a belief, that he might be reimbursed by sales of salt, but there is not a particle of testimony to sustain the contention that he had agreed to look solely to this source for repayment. The instructions complained of were not necessary, in our view, to be given; there was not a state of facts proven that justified them; there was no substantial defense made to the payment of the notes. A cursory reading of the evidence of both Wemyss and Lamborn, and the correspondence between them, is enough to warrant the assertion that none of the defenses pleaded in the answer had any real, tangible support from the facts and attending circumstances. In this view of the case, an error in the instructions becomes an immaterial one, for the reason that no such error could have produced a different verdict. The verdict rendered was the necessary product of the evidence; any other would be difficult to sustain. Hence, conceding that there was error in both instances cited in the brief of counsel, it could not have prejudiced the plaintiff in error. ( *Woodman v. Davis,* 32 Kas. 344, and authorities cited.)

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.