BENJAMIN HILL v. W. R. MAXWELL.

No. 13,977. (79 Pac. 1088.)

SYLLABUS BY THE COURT.

CONTRACTS—*Sale of Real Estate—Subsequent Oral Agreement Fully Executed—Parol Evidence.* In an action by a vendor against a purchaser for a balance claimed to be due on account of thè sale of a tract of land the defendant may show that at the time appointed for closing the transaction a controversy arose between the parties over the terms of the sale, and that the disputed matter was settled by the payment of a less sum than the seller claimed to be due, and a delivery of the deed to the land, even though a written memorandum of the original agreement had been made, and notwithstanding the statute of frauds.

Error from Sedgwick district court; DAVID M. DALE, judge. Opinion filed March 11, 1905. Reversed.

*Houston & Brooks,* for plaintiff in error.

*I. P. Campbell & Son,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: This action was brought to recover a balance claimed to be due for the sale of a tract of land. After the evidence was all in the court declined to submit the case to the jury called to try it, and directed a verdict for the plaintiff. The evidence favorable to the defendant tended to show the following state of facts: The defendant agreed to purchase of the plaintiff a tract of land represented to contain 320 acres, at the price of fifteen dollars per acre. He made a small partial payment, and went into possession. Before the day appointed for closing the deal he discovered that the tract did not contain the supposed quantity of land. On that day he called the plaintiff's attention to the deficiency and made a tender of the balance he claimed to be due. A controversy thereupon arose over the terms of the original agreement. The defendant contended that the settlement should be made at the price of fifteen dollars per acre for the actual number of acres sold, while the plaintiff claimed a gross price for the tract, whatever its size. In the course of the conversation the plaintiff turned to a third party that was present when the original bargain was made and said he would leave it to him, and if he said the price was to be fifteen dollars per acre he would close the trade on that basis. The party appealed to said that was his understanding of the matter, whereupon the plaintiff said he would take the money tendered to him. He did so and delivered his deed.

This evidence was amply sufficient to show a settlement of a disputed claim, and to show a consideration for accepting a less sum of money than the seller claimed he was entitled to receive. (*Neely v. Thomp-*

*son,* 68 Kan. 193, 75 Pac. 117, and authorities cited in the opinion.)

In the course of the trial testimony was given concerning a lost memorandum of the sale, made at the time of the first negotiations, signed by the plaintiff and delivered to the defendant. The terms of this writing were not admitted by the defendant, but, conceding it to contain all the elements of a complete contract expressing the plaintiff's view, still the defendant's evidence was competent.

In order to overthrow the plaintiff's case the defendant undertook to show a former controversy over the price of this land, and a binding settlement. The controversy arose out of an attack the defendant had made upon the terms of the written memorandum on a certain occasion antedating the suit. The validity of that attack at the time it was made was immaterial. The form of action and the character of evidence which would have been necessary at that time to sustain it in court were immaterial; but the fact that when he paid for the land he had impeached the written memorandum of sale was material. The defendant did not seek in this case to contradict a writing. He merely undertook to prove there had been a previous dispute in which he had asserted its untruthfulness, and had insisted upon a state of facts incompatible with it, against the assertions and insistence of the plaintiff to the contrary. This furnished a foundation for the settlement and for the defense in this action.

It is urged that the oral features of the settlement ran counter to the statute of frauds, and that the original written agreement could not be modified by an oral one, ineffective for that reason. The oral arrangement, however, was fully performed by the payment of the price on one side and the delivery of the deed on the other. Hence, the statute of frauds was fully satisfied. When the parties met to settle

they could have agreed orally, had they so desired, upon a sale including only half of the land at ten dollars per acre, despite the previous contract, and upon performance both parties would have been bound.

"It is well settled, that the terms of a written contract cannot be varied by any previously executed contract, written or parol, nor by any contemporaneous parol contract. It is equally well settled, that the terms of a written contract may be varied, modified, waived, annulled, or wholly set aside, by any subsequently executed contract, whether such subsequently executed contract be in writing or in parol." (*Todd v. Allen,* 18 Kan. 543, 545. See, also, 29 A. & E. Encycl. of L. 829.)

There is, of course, another side to this case, but the defendant had a clear right to the opinion of a jury upon it.

The motion to dismiss is overruled on the authority of *Butler v. Scott,* 68 Kan. 512, 75 Pac. 496, jurisdiction having been reserved for the entire time within which the parties might have made and served the case and suggested amendments.

The judgment of the district court is reversed, with direction to grant the defendant a new trial.

All the Justices concurring.