No. 39,704

WARREN W. BAILEY, *Appellee,* v. FAY NORTON and RALPH NORTON, *Appellants.*

(283 P. 2d 400)

Opinion filed May 7, 1955.

C. K. Sayler, of Topeka, argued the cause, and L. M. Ascough and John A. Bausch, both of Topeka, were with him on the briefs for the appellants.

Richard L. Hill and Richard C. Wells, both of Manhattan, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to foreclose a mechanic's lien against real estate. The appeal is from an order overruling a demurrer to the petition as amended by supplemental allegations.

Omitting formal averments, the prayer, paragraphs identifying the parties, and other paragraphs describing the real estate and the status of its title, the petition reads:

"(3) Plaintiff is and was at all times herein mentioned carpenter, architect and builder and that on the 20th day of March, 1952, plaintiff and defendants entered into a written contract whereby the plaintiff agreed to supervise the construction of a dwelling house for said defendants upon the premises hereinafter described and said defendants were to furnish all material and labor therefor. That the defendants agreed to pay the plaintiff the sum of 10% of the cost of construction of said dwelling not to exceed the amount of $36,500.00 except as otherwise specified in said contract. Further, said contractor agreed to pay to the said plaintiff or said superintendent the sum of $100.00 per week after the construction was commenced which sum to be credited against the commission due under said contract to the superintendent. A copy of said employment contract is hereto attached, marked Exhibit 'A-2', and made a part hereof by reference as if fully set out herein.

"(4) That the plaintiff commenced said dwelling in accordance with said contract and performed all the conditions of said contract on his part to be performed at the request of said defendants. That the total cost for said dwelling for labor and material was $48,279.96, which is in excess of said contract in the amount of $11,779.96, and said sum is for extra work or alterations done at the defendants' request and for which the defendants promised to pay. That there has been paid to the plaintiff pursuant to said contract 10% of the cost of said amount, $3,992.72, and there remains a balance due from said defendants to the plaintiff on said contract in the sum of $2,346.80.

"(7) That the defendants above named have failed and neglected to pay the plaintiff any part of the balance due on the contract for services rendered in the construction of said building except the sum of $3,992.75, which last payment was on or about the 15th day of December, 1952, and that there is now due and owing from the defendants to the plaintiff above named the sum of $2,346.80 with interest thereon at the rate of 6% per annum.

"(8) That the plaintiff began to perform said service or labor in the erection and construction of said dwelling house under the terms of said agreement on the 21st day of March, 1952, and thereafter continued to perform labor or services therefor until and including the 31st day of December, 1952, on which

day said building was completed. An itemized statement of said labor and material which was used in said construction of said dwelling on which plaintiff bases his claim for compensation for 10% of cost of construction is contained in Exhibit 'A-1' and made a part hereof.

"(9) That on the 31st day of March, 1953, and within four months after the last item of labor was so performed and furnished, plaintiff filed in the office of the Clerk of the District Court of Riley County, Kansas, a verified lien statement, copy of which is hereto attached, marked Exhibits 'A-1' and 'A-2', and made a part hereof."

The employment contract, which is made a part of the petition, contains other provisions material to the issues not specifically referred to in that pleading. Included therein, among others, are the following provisions:

"In the event there are major changes or additions to the plans and specifications, the extra cost thereof shall be allowed in computing the compensation of the superintendent and shall not be limited to the basis of Thirty-Six Thousand Five Hundred Dollars as stated aforesaid.

"All major additions or changes to the plans and specifications as attached hereto shall be agreed upon in writing by the contractor and superintendent."

Following the filing of the petition defendants moved that its allegations be made more definite and certain in a number of particulars, only two of which are here important. These, it may be stated, were that plaintiff be required to state (1) which defendant requested certain work and promised to pay, whether such request or promise was oral or in writing and if in writing to attach a copy thereof and (2) which changes or additions constituted major items as set out in the copy of the employment contract. Without requiring a ruling on this motion plaintiff amended his petition in all particulars requested by filing what he denominated "amended and supplemental petition." With respect to the matters last above mentioned this pleading states that the defendants, Fay and Ralph Norton, orally requested extra work and orally agreed or promised to pay for the same and describes numerous changes in the plans and specifications which are alleged to constitute major items, within the meaning of that term as used in the employment contract. Thereupon, without further motions of any character, defendants demurred to the petition on the ground it did not state facts sufficient to constitute a cause of action and to the amended and supplemental petition for the same reason. Thereafter, when such demurrer was overruled by the trial court on the basis the petition as amended

and supplemented did state a cause of action, they perfected the instant appeal.

At the outset, and before giving consideration to contentions advanced respecting the sufficiency of its allegations, it should perhaps be stated, that under the conditions and circumstances, heretofore related, the petition and the amended and supplemental petition must be read together and regarded as a single pleading which is entitled to all benefits afforded under the rule of liberal construction. Our statute (G. S. 1949, 60-756) provides, and our decisions (See, e. g., *Quinlan v. Danford,* 28 Kan. 507) recognize, that a plaintiff may amend his petition, without leave, at any time before the filing of answer, without prejudice to the proceedings.

Highly summarized, and limited strictly to facts material to a disposition of the question whether the petition fails to state a cause of action as a matter of law, there can be no doubt such pleading must be construed as stating that appellants and appellee entered into a written contract whereby the latter was to construct a dwelling house for appellants at a cost of $36,500.00 if possible and to receive 10% of the cost of construction for his services; that such contract contained other provisions contemplating major changes or additions to the plans and specifications, which plans and specifications were to be agreed upon in writing by the appellee and the appellants; that in the event those changes or additions were made appellee was to be compensated for his services on the same basis for their cost of construction; that after the execution of the contract and during the course of construction of the dwelling house major changes or additions were found to be desirable and thereafter, without agreeing in writing for changes in the plans and specifications, appellants orally requested appellee to make certain major changes and additions and agreed to pay appellee in accord with the terms of the contract for making them; that pursuant to such oral requests and in reliance upon appellants' oral promises to pay in the manner indicated for making them appellee made the requested major changes and additions; that these changes involved added expenditures in the cost of construction of the building which, when computed at the basic contract rate, entitled him to an additional sum of $2,346.80 for his services; and that the appellants failed, neglected and refused to pay such sum upon the completion and acceptance of the dwelling house with the result that he is now

entitled to recover that amount and all other additional relief claimed in his petition.

Once the petition is construed and the force and effect to be given its allegations firmly fixed and established there is actually but one fundamental legal question left in this lawsuit. Appellants contend that as a matter of law appellee is precluded from suing on the oral contract for additional compensation in addition to that due under the written contract when the latter provides that any changes in the basis of compensation, *i. e.*, major additions or changes to the plans and specifications, are to be agreed upon in writing. On the other hand the appellee insists the written contract may be modified or changed by agreement of the parties and that under the facts set forth in the petition it is clear they did modify it, not only by specific agreement but by their subsequent conduct, wherein appellants orally ordered and promised to pay for major changes which, when made by appellee and accepted by appellants, were bound to result in increased work and compensation for appellee. Let us see.

It may be conceded, at the outset, that we are cited to and know of no cases in this jurisdiction dealing with building and construction contracts wherein the specific question raised by the parties in this case has been directly passed upon. Nevertheless it may be stated the question whether a written contract may be modified or waived has long since been set at rest. See *Hill v. Maxwell*, 71 Kan. 72, 75, 79 Pac. 1088, where it is said:

" 'It is well settled, that the terms of a written contract cannot be varied by any previously executed contract, written or parol, nor by any contemporaneous parol contract. It is equally well settled, that the terms of a written contract may be varied, modified, waived, annulled, or wholly set aside, by any subsequently executed contract, whether such subsequently executed contract be in writing or in parol.' (*Todd v. Allen*, 18 Kan. 543, 545. See, also, 29 A. & E. Encycl. of L. 829.)"

A more recent expression of the court, dealing with the modification and waiver of written agreements by parol, wherein the rule announced in the case last above cited is recognized, adhered to, discussed and applied is *Alexander v. Flick*, 154 Kan. 446, 119 P. 2d 464.

Perhaps, of all our decisions, the case closest in point is *Cretcher v. Machine Works Co.*, 116 Kan. 54, 225 Pac. 1041. However, it is to be noted, no question was there raised respecting the failure of the pleadings to state a cause of action and what is said and held

relates to the rights of the parties during the trial of the case. There, although factual differences exist, the plaintiff was seeking to foreclose a mechanic's lien and recover more for materials furnished than provided for under the terms of a somewhat similar contract. The defendant was contending oral evidence was inadmissible under the parol evidence rule because it tended to modify or change the terms of the written contract. Here, in support of their position, the appellants argue the petition fails to state a cause of action because to establish the oral contract relied on would require parol evidence to vary the terms of a written contract. We believe this decision supports and sustains the appellee's position in this case. In disposing of the contention there advanced this court held:

"Evidence to prove an oral contract to furnish building material, in addition to that provided for by a written contract, is competent, where the oral contract was made subsequent to the written one." (Syl. ¶ 2.)

And at page 55 of the opinion said:

"2. Another complaint is that the petition alleged that the owner of the property 'verbally and in writing contracted with' the plaintiff whereby the latter was to furnish building material, etc., in the construction of a building. A written contract was shown by which the plaintiff was authorized to furnish building material amounting to $300. The plaintiff was permitted to introduce oral evidence which tended to show that after the written contract had been entered into, a verbal agreement was made by which the plaintiff was to furnish additional building material for use in constructing the building. The defendant objected to the introduction of that evidence and now contends that the court committed error in admitting it because its admission violated the rule prohibiting evidence to alter, vary, or contradict the terms of a written contract. The evidence introduced did not have that effect. It tended to prove that another and additional contract had been subsequently made. The written and oral contracts were both good, and evidence to establish each was competent. It was not error to admit the evidence."

And so here, using *Cretcher v. Machine Works Co.*, supra, as a precedent, and in effect paraphrasing the language used by the court in the opinion we believe it may be said the allegations of the instant petition are susceptible of a construction that another and additional contract had been subsequently made between the parties. That being true it would seem that under our own decisions the allegations of the petition, when given the benefit of all reasonable inferences, were sufficient to withstand a demurrer based on the ground they fail to state a cause of action. Of a certainty, as applied directly to building and construction con-

tracts, such as are here involved, this conclusion is inescapable under the decisions of other jurisdictions. For a general statement of the rule adhered to by the overwhelming weight of authority see 17 C. J. S., Contracts, 850 § 371(3) which reads:

"A provision in the contract that all extra work shall be ordered by the architect or owner in writing may be waived, in whole or in part, by the owner or parties, or the parties may subsequently make another and different agreement, or orally modify the written contract in this regard. The facts showing a waiver must be clear and convincing, and the question whether there has been a waiver usually is one of fact, depending on the facts and the circumstances of the particular case. Such waiver may be implied where the order and the extra work are known to the owner, and not objected to by him, where the charge for extra work is agreed to by the owner, or where the extra work is orally ordered by the owner, or called for by a change in the plans and specifications, or the owner by his conduct may be estopped from setting up such provision as a defense. The architect alone cannot, by a verbal agreement, waive such provision. A further provision that no specification shall be waived by either party, unless the waiver is in writing and duly signed, may in turn be waived by the parties."

And see other supporting statements to be found in the same volume at pages 822, 844, 846, 865 and 868, §§ 365, 371 (b), 371 (d), 377 and 379.

See, also, 9 Am. Jur., Building and Construction Contracts, 17, 18, § 23, where it is said:

"Although stipulations in building or construction contracts requiring written orders or agreements for extra work or alterations are valid and binding so long as they remain in effect, it is equally well settled that they may be avoided by the parties to the contract. The courts have adopted various theories of avoidance which may be classed as those of independent contract, modification or recission, waiver, and estoppel. These theories have not always been kept distinct, the courts frequently using the terms especially in the case of waiver and modification interchangeably, looking merely at the ultimate question of liability. A waiver of such stipulation by the owner is the theory on which it is most frequently avoided. Among the acts or conduct amounting to waiver are the owner's knowledge of, agreement to, or acquiescence in such extra work, a course of dealing which repeatedly disregards such stipulation, and a promise to pay for extra work, orally requested by the owner and performed in reliance thereon."

Without attempting to exhaust the field it may be stated that ample support for the doctrine stated in the two foregoing quotations is to be found in numerous other well-recognized and established legal treatises and textbooks. See, e. g., 2 Williston on Contracts (Rev. Ed.), 1702, § 591; 6 Williston on Contracts (Rev. Ed.), 5171, 5178, §§ 1826, 1828; 6 Corbin on Contracts, 156, § 1294; Restatement,

Contracts, § 407. See, also, 66 A. L. R., Anno., 649, particularly 662 and 679; 31 Illinois Law Review, 783, 786, inclusive; 30 Minnesota Law Review, 547, 550, inclusive; and numerous decisions therein referred to.

Based on the foregoing authorities and mindful that we are here passing upon the sufficiency of a pleading, not upon the merits of a cause, we have no difficulty in concluding that under the facts, conditions and circumstances set forth in the petition, and referred to at length in the opinion, the trial court did not err in overruling the demurrer to that pleading.

In conclusion it should be stated we have rejected not overlooked a final contention advanced by appellants in which they seek to reverse the trial court's ruling because of an alleged variance in the petition and the lien statement attached thereto. Assuming, without deciding, the instruments in question are susceptible of such a construction the appellee would be entitled to a money judgment under the allegations of the petition notwithstanding. Under these circumstances it cannot be successfully argued the trial court erred in holding the petition stated a cause of action.

The judgment is affirmed.