Culp v. Kiene.

---

No. 21,047.

LYDIA CULP, *Appellee,* v. L. L. KIENE, as Sheriff, etc., *Appellant.*

### SYLLABUS BY THE COURT.

INJUNCTION—*Enjoining Execution Sale—Record Title to Property—Judgment Lien.* A debtor induced his creditor to accept an indorser by representing that the indorser owned certain real estate. The creditor examined the record and found the record title to be in the indorser. The indorser had previously conveyed the property by warranty deed, which the grantee had not recorded. *Held,* the owner of the property owed the creditor no duty to record the deed, and was not estopped to enjoin an execution sale of the property about to be made under a judgment in favor of the creditor and against the indorser.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed October 6, 1917. Affirmed.

*W. H. Cowles,* of Topeka, for the appellant.

*Eugène S. Quinton,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the sale of real estate on execution. An injunction was granted, and the defendant appeals.

On April 10, 1914, the then owner, Lydia R. Culp, conveyed the land to Lydia Culp by warranty deed. In November, 1914, Lydia R. Culp became an indorser on the promissory note of C. H. Culp to the German-American Bank. The note was given in renewal of a note of W. H. Imes to the bank. Imes was required to take up the paper, which he reduced to judgment against C. H. Culp and Lydia R. Culp. Execution was

issued and levied on the property. The answer alleged that C. H. Culp procured the acceptance of Lydia R. Culp as an indorser by representing that she owned the property and was financially responsible, and that Imes examined the record, found the record title to be as represented, and relied on the representation. There was evidence sustaining the allegations of the answer. It is argued that because Lydia Culp, the owner in fact, failed to record her deed, she enabled C. H. Culp to hold out Lydia R. Culp as owner, and was estopped to deny that Lydia R. Culp was owner.

The statute relating to the recording of deeds contains the following provision:

"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." (Gen. Stat. 1915, § 2070.)

The statute has been interpreted many times by this court, and it is settled law that the statute applies to none but purchasers and mortgagees in good faith and for a valuable consideration. It does not apply to judgment creditors or to execution purchasers. The lien of a judgment is upon land of the debtor, and not upon land of others. (Gen. Stat. 1915, § 7320.) A sheriff's sale and deed vest in the purchaser the title of the person against whom the execution was issued, and not the title of others. (Gen. Stat. 1915, § 7406.) In no case does a judgment lien attach to any interest other or greater than that possessed by the judgment debtor, and in all cases the equities of other persons will be protected. The creditor says this interpretation of the statute is wrong. It was first announced in 1864, in the case of *Swarts and others v. Stees and Bryan & Hardcastle*, 2 Kan. 236, and has been consistently adhered to ever since. For more than fifty years, since the court's view of the statute was first promulgated, the legislature has been meeting, for many years annually, and for the remainder of the time biennially. During that period no change has been made in the statute affecting its interpretation, and the court is satisfied that it correctly apprehended the legislature's meaning.

The result of the foregoing is, the plaintiff owed no duty to the creditor on which to found an estoppel. The creditor was

Nolan v. Ellis County.

not permitted to rely on the record alone. He was obliged to ascertain the financial status of his debtor, and whose land he was selling. The plaintiff made no representations herself, and unless the representations of C. H. Culp were brought to her attention, she was under no obligation to assert ownership. As soon as she learned what was going on she took steps to protect her rights.

The judgment of the district court is affirmed.