No. 31,340

M. L. Haas, *Appellant,* v. Theresa Nemeth, *Appellee.*

(31 P. 2d 6.)

Opinion filed April 7, 1934.

*J. P. Noble,* of Oberlin, for the appellant.

*J. F. Peters,* of Oberlin, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action in ejectment for a tract of land 25 feet wide, 130 feet long on one side, and about 180 feet long on the other. The verdict and judgment were for defendant, and plaintiff has appealed.

The facts on which the judgment rests may be stated as follows: Sometime about 1922, the exact date not being disclosed, nor is it important, G. A. Wudthe purchased a tract of about four acres of land in the unincorporated village of Traer, in Decatur county, described roughly as follows: Beginning at a designated point on the east side of Superior avenue, thence south along the east side of that avenue 180 feet, thence east 280 feet to a railroad right of way which ran in a northeasterly-southwesterly direction, thence north-

easterly along such right of way to a place east of the point of beginning, thence west to that point. The land was improved with a residence, a barn, and otherwise, and became the home for several years of G. A. Wudthe, his wife and family. A north-and-south fence 150 feet east of Superior avenue divided the residence, yard and garden from the remainder of the tract. Adjoining the Wudthe land on the south, and lying between Superior avenue and the railroad right of way, was a triangular tract of land owned by John Nemeth. This tract also was improved and was occupied by him and his wife Theresa as their home. Because of the angle taken by the railroad right of way Nemeth did not have as much ground in the rear of his tract as he desired for his barn and feed lot. Sometime, perhaps in September, 1923, Nemeth went to Mr. and Mrs. Wudthe and wanted to buy a strip twenty-five feet wide off of the south side of the Wudthe tract east of the dividing fence. They talked about it in the kitchen of the Wudthe home. Nemeth offered $50 for the small tract. Wudthe asked his wife what she thought about it, and she told him to do as he liked, and Wudthe then said he would sell it. In a day or two Nemeth brought a check for $50 and gave it to Wudthe and his wife in their kitchen, and it was understood between them that Nemeth had purchased the land. No deed was made for it, but Wudthe went out with Nemeth and measured off the tract of ground. Nemeth took up the fence which was along the south line of the tract, moved it to the north line, and thereafter built an addition to his barn which extended onto the twenty-five-foot strip, built a feed rack and hog houses on it, and inclosed and used it with his premises. The parties continued to live in their respective homes and Nemeth to use the small tract purchased from the Wudthes until in September, 1929, when Wudthe and wife sold their land to Paul Goschel. The deed of conveyance made at that time did not except from it the twenty-five-foot tract previously sold to Nemeth, but Wudthe told Goschel about it and took him out and showed him the corners and the fences, and told him he had previously sold the twenty-five-foot tract to Nemeth, and that it belonged to Nemeth. Also, Nemeth showed Goschel where the lines were and what land was his, including the twenty-five-foot strip. In March, 1930, Goschel sold the land to M. L. Haas, plaintiff in this action, describing it as in the deed from Wudthe. Nemeth told Haas about this twenty-five-foot strip about

the time he bought it and took Haas to the tract and showed him where the lines and corners were. Haas testified to this conversation, but placed the time of it a few weeks after he bought from Goschel, in March, 1930. He was at the place the day before he bought it, and had he looked he could have seen the twenty-five-foot strip was fenced in with the Nemeth property and used by him.

One day in April, 1932, Haas went to this twenty-five-foot tract of land and was taking down the fence on the north line of it. Nemeth saw him, went out and remonstrated with him, stated the land was his, and put the fence back.

In May, 1932, Theresa Nemeth obtained a divorce from her husband, John Nemeth. The decree set off to her the tract of real property owned by the parties without describing it by metes and bounds, but using language broad enough to include the twenty-five-foot strip.

Thereafter M. L. Haas brought this action against Theresa Nemeth, with the result as above stated. There was controversy in the evidence as to whether Goschel and Haas were told of the sale of this tract by Wudthe and wife to Nemeth before their respective purchases, but, so far as any controversy on those points becomes important, it has been determined in defendant's favor by the verdict of the jury. There is evidence that both of them saw the tract and knew it was being occupied by Nemeth shortly after they purchased, and could have seen those things before they purchased had they examined it.

Appellant contends (1) that the sale of the twenty-five-foot tract, being in parol, sufficient facts are not shown to take it out of the statute of frauds. We cannot concur in this view. This was a completed sale. The purchase price, which no one contends was inadequate, was paid in full; complete possession was given by the vendors and taken by the vendee, who made lasting and valuable improvements on the property, and whose possession was actual, visible, open, adverse, and exclusive since the time of the purchase. The statute of frauds does not apply to fully executed contracts (*Hill v. Maxwell,* 71 Kan. 72, 79 Pac. 1088; *Edwards v. Brinkerhoff,* 85 Kan. 67, 116 Pac. 222); nor is it normally available to those not parties to the contract (*Vaught v. Pettyjohn & Co.,* 104 Kan. 174, 178 Pac. 623; *Rice v. Randolph,* 111 Kan. 73, 206 Pac. 314). (2) That the tract being a part of the Wudthe homestead, the consent of the wife to its alienation is not sufficiently shown. The point is

not well taken. Neither Mr. nor Mrs. Wudthe is complaining on that ground. Both testified for defendant in this action, and from their testimony it appears that both participated in the sale, and consented to it, and received the proceeds of it, and delivered possession of the property sold. It is not essential that the consent of the spouse to the alienation of the homestead be in writing (*Matney v. Linn*, 59 Kan. 613, 54 Pac. 668). If Mrs. Wudthe were seeking to set aside the sale because of her lack of consent to it, a different question would be presented (*Wicks v. Smith*, 21 Kan. 412), but we have no such question here; hence, we do not attempt to determine what her rights would be in such a case. Here the record shows she consented at the time, and still consents. Under such a showing it is difficult to see how she could renounce the sale in any proceeding—certainly the plaintiff cannot do it for her and against her testimony indicating her consent. (3) That the trial court erred in asking a witness a question. John Nemeth, called as a witness for plaintiff, was asked if he had any transaction with Wudthe about real property within a certain time, which did not include the time he purchased the tract in question. He correctly answered in the negative. The court asked a question which included that time. The witness answered in the affirmative, and in response to other questions by counsel told all about it. The court's conduct was perfectly proper. The controverted issues in the case hinged largely about the transaction, and when a witness was on the stand who knew about it, there was no reason to so frame questions put to him as to exclude his testimony concerning it. (4) That no deed is shown from John Nemeth to the defendant, Theresa Nemeth. That was not necessary. The decree in the divorce case placed all his title to the controverted tract in her. (5) That the instructions were erroneous. We have carefully examined the instructions and find them to be applicable to the case and to be free from error. No good purpose would be served by setting them out and discussing them in detail.

Aside from evidence tending to show that Goschel and Haas were told, before or at the time they purchased, of the prior sale of the controverted tract to Nemeth, it clearly appears he was in the actual, visible and exclusive possession of it when they purchased. This was sufficient to put them on notice that he had some claim thereto, and they are in no position to say they purchased in ignorance of his claim.

"It is a general rule that open and notorious possession of real estate is constructive notice to all the world of the rights of the one in possession." (*Gray v. Zellmer*, 66 Kan. 514, 72 Pac. 228. See, also, cases cited p. 516, and in *Stough v. Lumber Co.*, 70 Kan. 713, 716, 79 Pac. 737, and *Farmers State Bank v. St. Aubyn*, 120 Kan. 66, 242 Pac. 466, and 66 C. J. 1174.)

We find no error in the record. The judgment of the trial court is affirmed.