In re HARTER, INCORPORATED, Debtor.

Roger L. HARTER, Plaintiff,

v.

HARTER, INCORPORATED; Tanna Investments, Inc.; and Mid Kansas Federal Savings and Loan Association of Wichita, Defendants.

Bankruptcy No. 80–12005.

United States District Court, D. Kansas.

July 28, 1983.

Robert Kaplan, Wichita, Kan., for plaintiff.

Keith Richey, Kan., for Tanna Investments, Inc.

Christopher Redmond, Wichita, Kan., for trustee, R.D. Martens.

John L. Kratzer, Wichita, Kan., for Mid Kansas Federal Sav. and Loan Ass'n.

KELLY, District Judge.

## CERTIFICATE OF REVIEW

The Memorandum of Decision and Judgment on Decision By The Court lodged July 28, 1983, has been certified by Bankruptcy Judge Robert B. Morton under Rule 42(e)(2)(A) of the Local Rules of Court for this District. Upon review of the same in accordance with Rule 42(e)(2)(B) of said Local Rules, the undersigned hereby approves and adopts said Memorandum and Judgment, including the findings of fact and conclusions of law therein contained.

ROBERT B. MORTON, Bankruptcy Judge.

## SUBMITTAL OF PROPOSED ORDER ON CONTROVERTED ISSUE(S)

TO: UNITED STATES DISTRICT COURT

Pursuant to paragraph (d)(3) and paragraph (e)(2)(A) of Rule 42 of the Rules of the United States District Court for this District the attached Memorandum of Decision and Judgment on Decision by the Court on controverted issues have been lodged by the undersigned and hereby submitted and certified for review and entry of dispositive order and judgment by a district judge in the manner prescribed by paragraph (e)(2)(B) of said Rule.

## JUDGMENT ON DECISION BY THE COURT

This proceeding having come on for trial or hearing before the court, Honorable Robert B. Morton, United States Bankruptcy Judge, presiding and the issues having been duly tried or heard and a decision having been rendered.

IT IS ORDERED AND ADJUDGED that the paramount fee ownership of the following real property, to-wit:

Apartment No. 15, Located on a portion of Lot 8, Block 1, Rolling Hills Country Club Estates Fourth Addition, Wichita, Sedgwick County, Kansas, together with the undivided interest in the common areas and facilities, all according to the recorded plat thereof and to the Declaration of Condominium, dated November 8, 1972, on Film 37, Page 1038, as Document No. 133619 and as amended on December 3, 1973, said amendment recorded on Film 83, Page 424, and as amended on December 12, 1975, said amendment recorded on Film 169, Page 1014, and as amended as recorded January 9, 1976, on Film 172, Page 1143; and as certified as recorded

on Film 83, Page 427, all in the Office of the Register of Deeds of Sedgwick County, Kansas.

is in the estate of the debtor, Harter, Inc.; that the trustee, R.D. Martens, shall immediately recover exclusive possession thereof on behalf of the estate; that Mid Kansas Federal Savings and Loan Association holds a first mortgage lien against said property to secure a defaulted indebtedness in the principal amount of $48,038.39, together with interest thereon at the rate of 9.25 per cent from and after August 1, 1981.

IT IS FURTHER ORDERED AND ADJUDGED that the Mid Kansas Federal Savings and Loan Association mortgage lien is foreclosed and the trustee shall sell the subject property free and clear of loans and apply the sale proceeds as follows:

FIRST: Costs of sale and ad valorem taxes.

SECOND: Satisfaction of the secured indebtedness of Mid Kansas Federal Savings and Loan Association.

THIRD: The balance remaining to be retained in the debtor's general estate.

IT IS FURTHER ORDERED AND ADJUDGED that no parties to this adversary proceeding, other than as set out above, have any right, title, interest in or claim to the subject property.

## MEMORANDUM OF DECISION

### ISSUES PRESENTED

1. Is the unrecorded deed from City Wide Investments to Roger L. Harter executed on March 31, 1979 effective against Tanna Investments' claim as a judgment creditor whose journal entry of judgment was filed on July 22, 1980?

2. Should a trust by implication of law be impressed on real property in favor of plaintiff when plaintiff deeds the property to debtor for the limited purpose of allowing debtor to give additional collateral securing a loan from a third party to debtor and debtor's reconveyance to plaintiff is recorded after the filing of bankruptcy?

3. Is the trustee as a bona fide purchaser of real property under 11 U.S.C. § 544(a)(3) shielded from any notice, actual or constructive, of an interest in real property?

a. May the trustee be charged with debtor's knowledge of an unrecorded conveyance?

b. Under Kansas law, does possession by the grantor constitute constructive notice to a purchaser from grantee, thereby barring trustee's avoidance of an unrecorded conveyance?

## NATURE AND FACTS OF THE CASE

The property in question, Apt. No. 15, Lot 8, Block 1, Rolling Hills Country Club Estates Fourth Addition to Wichita, Sedgwick County, Kansas was built by Pate Construction Co. which sold the condominium to City Wide Investments, Inc. as evidenced by a deed executed and recorded on February 20, 1976.

On March 31, 1979, City Wide Investments, Inc. deeded the property to Roger L. Harter. This deed was not recorded until January 14, 1982. On April 4, 1979, City Wide Investments was dissolved, and the documents pertaining thereto were filed of record on April 6, 1979. In the decree of dissolution, all assets and liabilities of the corporation were distributed to the stockholders. Roger L. Harter, as sole stockholder in the corporation, received all assets and liabilities.

On October 10, 1978, City Wide Investments had filed suit against Tanna Investments, Inc. In a journal entry filed of record on July 22, 1980, judgment was granted in favor of defendant on defendant's counterclaim.

On July 10, 1980, Roger L. Harter deeded Apt. 15 to Harter, Inc. The deed was recorded on July 17, 1980. The purpose of the transaction was to permit Harter, Inc. to use the property as collateral for a loan from Willard L. Gettle. On July 10, 1980, two additional deeds were executed, one from Harter, Inc. to Willard Gettle, Jr., filed of record on July 17, 1980 and the second from Willard L. Gettle, Jr. and Patricia A. Gettle to Harter, Inc., filed of record on August 5, 1980. Also admitted in evidence was a third deed dated July 10,

1980 from Harter, Inc. to Roger L. Harter. This deed was not acknowledged until January 8, 1981 and was not filed of record until January 14, 1982. Roger Harter was in possession of the condominium continuously from June of 1980.

Harter, Inc. filed a Chapter 11 proceeding on December 31, 1980. That proceeding was converted to a Chapter 7 liquidation on July 28, 1981.

On this complaint for turnover, Roger L. Harter seeks a determination that he is the owner of the property and that neither Tanna Investments, Inc. nor the Chapter 7 trustee has an interest in the condominium.

With respect to Tanna Investments' claim, plaintiff contends that the unrecorded deed from City Wide Investments to Roger L. Harter executed on March 31, 1979 is effective against Tanna Investments' claim as a judgment creditor whose journal entry of judgment was filed on July 22, 1980. Plaintiff argues that Kan.Stat. Ann. § 58–2223 (1976) which provides that an unrecorded instrument is valid only between parties having actual notice does not apply to judgment creditors.

Trustee's interest in the property is based on his avoiding powers under 11 U.S.C. § 544(a)(3) which entitles him to avoid a conveyance by debtor as "a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected." Plaintiff contends that Harter, Inc. holds title as constructive trustee or as trustee by implication of law for Roger L. Harter and that, since a trust by implication of law may be enforceable in bankruptcy, Roger L. Harter is entitled to turnover of the property. Furthermore, plaintiff disputes the trustee's standing as a bona fide purchaser without notice. Plaintiff argues that the trustee had notice of the plaintiff's interest

either by imputation of debtor's knowledge to the trustee or by knowledge of plaintiff's possession of the condominium.

Roger L. Harter also has claimed the condominium as his homestead. Objections to this claim have been made. However, the only issue before the court at this time is the resolution of the competing claims to the condominium.

An undisputed interest in the condominium is that of Mid Kansas Federal Savings and Loan Association which holds a first mortgage on the property taken April 19, 1976 in the amount of $49,600.[1] That mortgage instrument shows City Wide Investments, Inc. as mortgagor and Mid Kansas Federal Savings and Loan Association as mortgagee. No payments have been made since August 15, 1981 and Mid Kansas seeks modification of the automatic stay to commence foreclosure proceedings.

## MEMORANDUM

█ Tanna Investments' interest in the subject property derives from its journal entry of judgment filed of record on July 22, 1980. The issue here is whether the unrecorded conveyance[2] of the property from City Wide Investments to Roger L. Harter is effective as against Tanna Investments' judgment lien against the property.

Kan.Stat.Ann. § 60–2202(a) (Supp.1982) provides: "[T]he lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to entry of the judgment."[3] Under this statute, Tanna Investments' lien was effective as of March 22, 1980. The transfer of the unrecorded deed from City Wide Investments to Roger L. Harter occurred on March 31, 1979.

---

1. At present the principal of the indebtedness stands at $48,038.39, which carries interest at the rate of 9.25 per cent per annum from August 1, 1981 until paid.

2. The conveyance was unrecorded at the time that Tanna Investments obtained its judgment lien. The conveyance was subsequently recorded on January 14, 1982.

3. If the condominium had been the subject matter of the suit, then Kan.Stat.Ann. § 60–2201(a) (Supp.1982) which provides that third persons will be on notice of the pendency of such action from the date of filing would have applied.

Ostensibly, Kan.Stat.Ann. § 58–2223 (1976) governs the effectiveness of the unrecorded instrument as between these two parties. That section reads: "*Same; unrecorded instrument valid only between parties having actual notice.* No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." However, the Kansas Supreme Court has held that this statute does not apply to the competing interests of a title holder by an unrecorded conveyance and of a judgment creditor.

In *Culp v. Kiene,* 101 Kan. 511, 168 P. 1097 (1917), a judgment creditor attempted to levy execution on real property which had previously been conveyed by an unrecorded deed. In affirming the trial court's injunction of the sale, the Kansas Supreme Court stated:

> [I]t is settled law that the statute applies to none but purchasers and mortgagees in good faith and for a valuable consideration. It does not apply to judgment creditors or to execution purchasers. The lien of a judgment is upon land of the debtor, and not upon land of others.... In no case does a judgment lien attach to any interest other or greater than that possessed by the judgment debtor, and in all cases the equities of other persons will be protected.

*Id.* at 512, 168 P. 1097.

Therefore, as against Tanna Investments, a judgment creditor whose judgment lien became effective on March 22, 1980, the unrecorded conveyance of property from City Wide Investments to Roger L. Harter was effective and Tanna Investments has no interest in the subject property.[4]

Trustee asserts that debtor, Harter, Inc., had title to the subject property by virtue of the deed executed on July 10, 1980 and recorded on July 17, 1980. The parties have agreed that the deeds from Harter, Inc. to Gettle and from Gettle to Harter, Inc. were intended as security transactions, therefore trustee bases debtor's ownership of the

property on the deed from Roger L. Harter to Harter, Inc.

Trustee contends that, as a bona fide purchaser of real property under 11 U.S.C. § 544(a)(3), he may avoid the subsequent unrecorded transfer from Harter, Inc. to Roger L. Harter, dated July 10, 1980, acknowledged January 8, 1982 and recorded on January 14, 1982. Plaintiff's contention is that trustee is limited to the title that the debtor held prior to the unrecorded conveyance. Plaintiff asserts that debtor held legal title to the property for purposes of securing a loan transaction while plaintiff was the equitable owner of the property; therefore, trustee has nothing more than the bare legal title and this court should impress a constructive or implied trust on behalf of Roger L. Harter. Plaintiff also disputes trustee's status as a bona fide purchaser without notice.

■ A trust by implication of law may be impressed on property of the bankruptcy estate. *In re Bruce Farley Corp.,* 612 F.2d 1197 (9th Cir.1980); *In re Kennedy & Cohen, Inc.,* 612 F.2d 963 (5th Cir.1980), *cert. denied,* 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38; *In re Angus,* 9 B.R. 769, 7 B.C.D. 468 (Bkrtcy.Ct.D.Or.1981); *In re Wyatt,* 6 B.R. 947 (Bkrtcy.E.D.N.Y.1980). The court refers to state law to determine whether the trust should be imposed. *In re Esgro, Inc.,* 645 F.2d 794 (9th Cir.1981); *Elliott v. Bumb,* 356 F.2d 749 (9th Cir.1966), *cert. denied,* 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66; *Georgia Pacific Corp. v. Sigma Service Corp.,* 22 B.R. 984 (M.D.La.1982); *In re Moskowitz,* 13 B.R. 357, 7 B.C.D. 1314 (Bkrtcy.S.D.N.Y.1981), *aff'd,* 14 B.R. 307, 8 B.C.D. 687 (D.C.S.D.N.Y.1981).

Kan.Stat.Ann. § 58–2401 (1976) restricts the imposition of trusts with respect to real property. That section provides: "No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his or her attorney thereto lawfully authorized in writing."

Plaintiff contends that his interest in the condominium should be protected by the

---

4. Tanna Investments does not assert any other theories of recovery.

impression of a trust arising by implication of law as that doctrine has been interpreted by the Kansas Supreme Court. Plaintiff cites *Lehrling v. Lehrling,* 84 Kan. 766, 115 P. 556 (1911), and *Silvers v. Howard,* 106 Kan. 762, 190 P. 1 (1920), in support of that proposition.

In both cases, a fiduciary relationship between the parties, a father and his children in *Lehrling* and a son and his mother in *Silvers,* existed. The court in *Silvers* noted that an absolute conveyance was not impeachable by parol evidence unless there were fraud, accident or mistake. *Silvers, supra,* at 763. In that case, a finding of fraud was predicated on "constructive fraud, arising from abuse of the confidential relation existing between grantor and grantee." *Id.* at 769, 190 P. 1. The breach of the confidential relationship was the linchpin of the decision in *Lehrling* as well as in *Silvers.*

■ No fraud, accident or mistake was demonstrated in the instant case. No confidential relationship is present. Roger L. Harter deeded the property to Harter, Inc. to enable Harter, Inc. to secure a loan. Harter, Inc. then conveyed the property back to Roger L. Harter. No trust can be implied from these circumstances.

■ Plaintiff next challenges the trustee's status as a bona fide purchaser without notice. 11 U.S.C. § 544(a)(3) provides that the trustee shall have the rights and powers of a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected "*without regard to any knowledge of the trustee or of any creditor.*" Plaintiff argues that since the trustee stands in the shoes of the debtor at the commencement of the case, the trustee should be charged with the debtor's knowledge of the unrecorded deed and the nature of the transactions involved. Furthermore, plaintiff argues that Harter's possession of the condominium acted as constructive notice to the trustee, thereby defeating trustee's ability to avoid the unrecorded conveyance.

The issue here requires an analysis of trustee's rights as a bona fide purchaser

"without regard to any knowledge of the trustee or of any creditor." This qualification of the trustee's powers as a bona fide purchaser has been interpreted as shielding the trustee from actual knowledge of interests in real property but not from constructive notice of such interests. *McCannon v. Marston,* 679 F.2d 13 (3d Cir.1982); *In re Lewis,* 19 B.R. 548 (Bkrtcy.D.Idaho 1982); *In re Richardson,* 23 B.R. 434, 9 B.C.D. 895 (Bkrtcy.D.Utah 1982). This court agrees with that interpretation.

The plaintiff argues that, while the trustee's rights as a bona fide purchaser may not be affected by knowledge of the trustee or of any creditors, the trustee's rights as a bona fide purchaser may be affected by the knowledge of the debtor. Such a construction of section 544(a)(3) would render that section virtually useless to the trustee. It would be a rare case in which debtor would not have knowledge of liens that could be the subject of the trustee's lien avoidance powers. Debtor's knowledge of the transactions between Harter and Harter, Inc. is unavailing to bar trustee's avoiding powers under 11 U.S.C. § 544(a)(3).

■ The trustee may be charged with constructive notice as that doctrine is interpreted in applicable state law. In Kansas, possession may constitute constructive notice. *Haas v. Nemeth,* 139 Kan. 252, 31 P.2d 6 (1934); *International Harvester Co. v. Myers,* 86 Kan. 497, 121 P. 500 (1912). Such possession must be "open, notorious, unequivocal and exclusive possession ... under apparent claim of ownership." *Ames v. Brooks,* 179 Kan. 590, 593, 297 P.2d 195 (1956). However, possession by grantor does not impart notice to purchaser from grantee of any equities that grantor may have. *Everly v. Byrd,* 159 Kan. 187, 152 P.2d 831 (1944); *Creighton v. Dorsey,* 140 Kan. 688, 38 P.2d 90 (1935).

As stated by the Court in *McNeil v. Jordan,* 28 Kan. 7 (1882),

A purchaser from the grantee of the party in possession need not inquire whether such party has reserved any interest in the land conveyed. So far as the purchaser is concerned, the actual occupant's

deed is conclusive upon that point. The object of the law in holding possession constructive notice, is to protect the possessor from the acts of others who do not derive their title from him, not to protect him against his own acts, not to protect him against his own deed. Therefore, where a grantor executes and delivers a deed of conveyance to go upon record, he says to the world: 'Though I am yet in the possession of the premises conveyed, it is for a temporary purpose, without claim of right, and merely as a tenant at sufferance of my grantee.'

*Id.* at 16.

In the instant case, possession by the grantor, Roger L. Harter, would not impart notice to a purchaser from Harter's grantee, i.e., Harter, Inc. Therefore, no constructive notice bars the lien avoiding powers of the trustee as a bona fide purchaser of real property under 11 U.S.C. § 544(a)(3).

Based upon the foregoing, this court finds that Tanna Investments has no interest in the subject property, that Apt. 15 is not subject to the impression of a trust in favor of plaintiff and that trustee may avoid the unrecorded conveyance of July 10, 1980 from Harter, Inc. to Roger L. Harter.

The trustee may, therefore, recover the subject property for debtor's estate which has paramount fee ownership. Accordingly, the trustee shall take immediate physical possession of the property and proceed with a sale thereof. After payment of sale costs the proceeds shall be applied in satisfaction of the Mid Kansas Federal Savings & Loan claim which is determined secured by a first mortgage lien on the condominium and hereby foreclosed. The balance of sales proceeds then remaining shall be retained in debtor's general estate.

The foregoing memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752 and Rule 52(a) Federal Rules of Civil Procedure. A judgment on this decision will be separately entered.