Christopher J. REDMOND, Trustee in Bankruptcy for the bankruptcy estates of Culture Farms, Inc. and Activator Supply Company, Inc., Plaintiff,

v.

L. Eric ALEXANDER, et al., Defendants.

Civ. A. No. 88–2516–O.

United States District Court, D. Kansas.

March 24, 1989.

Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., John C. Noonan, Lawrence A. Rouse, Teresa L. Williams, Christopher M. Kato, Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiff.

Patrick J. Reardon, Leavenworth, Kan., Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., W. Russell Welsh, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., Richard D. Simpson, Morris & Larson, P.C., Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

The above-captioned matter is before the court on a motion by several defendants for "Declaratory Relief and/or Partial Summary Judgment."[1] Defendants seek an order to the effect that any attorney's fees paid by defendants are not subject to recapture by plaintiff bankruptcy trustee. Plaintiff's complaint alleges, *inter alia,* that defendants engaged in various fraudulent activities. By letter, plaintiff's counsel

---

1. Defendant Paul Stemm also filed motions for an order finding that he has not waived service of process and for an expedited hearing on that issue. Stemm is now in bankruptcy, and thus, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding," is stayed as to him. 11 U.S.C. § 362(a)(1). Accordingly, the court hereby reserves ruling on that defendant's motions until such time as the automatic stay is lifted.

informed counsel for defendants to, "be aware of the risk involved in using funds originating from Culture Farms, Inc, or Activator Supply Company, Inc., to pay expenses, including attorneys' fees, for their defense in the above-referenced action." (Letter of John C. Noonan, December 5, 1988.) Defendants now seek to resolve the attorney's fees issue, by declaratory or partial summary judgment.

## I. Claim for Partial Summary Judgment

Plaintiff claims that summary judgment on the issue of attorney's fees is not proper because no specific claim against the transferees of defendants' funds has yet been asserted. We tend to agree. Even if the recovery of attorney's fees is contemplated in one or more of plaintiff's prayers for relief, the criteria for partial summary judgment have not been met.

In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judg-

ment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

■ In the case at bar, defendants have failed to show that they are entitled, as a matter of law, to the relief they seek. Unlike the usual situation in which a motion for summary judgment must be denied due to controverted material facts, the instant motion fails for a more fundamental reason: at present, it is not clear what legal issues may be involved. Although plaintiff has speculated as to the theories upon which he might rely if he attempts to recover the fees paid to defendants' counsel, the court is in no position to make a determination at this stage of the proceedings on the question of plaintiff's ability to recover attorney's fees paid by defendants to their attorneys.

■ Aside from the uncertainty as to the legal issues involved, unresolved factual questions are clearly present under either of the theories that plaintiff has suggested, thus precluding summary judgment. Recovery of funds under either Title 11, United States Code, section 550 or a common law constructive trust theory depends upon certain antecedent factual determinations. Under section 550, for example, the trustee may recover funds that were fraudulently transferred, as defined in section 548. Similarly, a constructive trust under Kansas law [2] may be imposed upon a bankruptcy estate if certain elements, such as fraud, are present which would justify such equitable relief. *See In Re Harter, Inc.*, 31 B.R. 1015 (D.Kan.1983). Because defendants have not admitted that the funds at issue in this case were fraudulently ob-

**2.** For the purposes of this order, the court assumes that only the Kansas law of constructive trusts would apply in this case.

tained, factual predicates necessary to an evaluation of the parties' respective rights and liabilities are missing. Accordingly, summary judgment can not lie.

## II. Claim for Declaratory Judgment

The Tenth Circuit has recently stated that,

> The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so. Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court.

However,

> A request for relief under the Act may be limited. Further necessary and proper relief based upon factual disputes not yet resolved may be sought at a later time.

*Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273–1274 (10th Cir.1989) (citations and internal quotation marks omitted).

█ Plaintiff argues that relief by way of declaratory judgment is inappropriate because defendants have failed to comply with the requirements of the Declaratory Judgment Act, which states that

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, *upon the filing of an appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis supplied). Moreover, Rule 57 of the Federal Rules of Civil Procedure provides that,

> The procedure for obtaining a declaratory judgment pursuant to Title 28 U.S. C. § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

Commentators have concluded that, taken together, these provisions require the filing of a complaint to commence a declaratory judgment action. 10A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2768 (1983); 6A J. Moore, J. Lucas, and G. Grotheer, *Moore's Federal Practice,* ¶ 57.22[2]. In appropriate circumstances, declaratory judgment may be sought by way of counterclaim or cross-claim. 10A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2768 (1983). Defendants cite no authority whereby the court could find appropriate a request for declaratory relief contained in a pre-answer motion, such as is attempted here.

Even if the court overlooked the pleading difficulties presented by defendants' motion for declaratory judgment, other problems remain. As the court stated in *Kunkel,* "a court in the exercise of its discretion should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." *Kunkel,* at 1275 (citation and internal quotation marks omitted). Neither of these conditions is present in the case at bar. First, as noted above, important factual issues central to a declaration of the parties' rights remain unresolved. For the court to embark upon a course of speculation as to the ultimate outcome of the various fraud counts would be nothing more than a judicial exercise fraught with uncertainty. Second, such speculation, even if accurate, would obviously afford no relief from the present uncertainty regarding attorney's fees, inasmuch as plaintiff would

**560**

remain free to assert other theories of recovery.

Even if declaratory relief was the proper vehicle to settle the instant controversy, defendants' motion would still fail. In effect, defendants seek summary judgment on their request for declaratory judgment. Summary judgment may be appropriate in declaratory judgment actions, *Ciminelli v. Cablevision*, 583 F.Supp. 144 (E.D.N.Y. 1984); *see also* 10A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2768 (1983). However, for the reasons stated with respect to the prayer for partial summary judgment, defendants' request is premature. Thus, whether termed a declaratory judgment action or a motion for partial summary judgment, defendants' motion must be denied.

IT IS THEREFORE ORDERED that defendants' motion for declaratory relief and/or summary judgment is denied.